**Federal Rules of Appellate Procedure Form 1.**
**Notice of Appeal to a Court of Appeals from a Judgment or Order of a District Court.**

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
FEB 12 2025
AT ____ O'CLOCK ____
John M. Domurad, Clerk - Albany

United States District Court for the
Northern District of New York

---

ANGELO RUOTOLO
PRO-SE

Plaintiff(s),

V.

TOWN OF NEW PALTZ, STACY DELAREDE, MARK JAFFEE, JAMES BACON, KEVIN BARRY, JUAN FIGUEROA, NEIL BETTEX, JOHN RUSK, D. HOLLEY CARNRIGHT, DAVID J CLEGG, PAUL O'NEIL, THOMAS GIBNEY, ULSTER COUNTY, MIKAEL COHN

Defendant(s).

---

Notice of Appeal

Case number: 1:22-CV-169 (LEK/DJS)

Notice is hereby given that ANGELO RUOTOLO,

the ~~Defendant(s)~~ PLAINTIFF in the above-named case*, hereby appeal(s) to the United States Court of Appeals for the Second Circuit from an Order MEMORANDUM AND DECISION entered in this action on the 23RD day of JANUARY, 2025.

TO: DRAKE LOEB
555 HUDSON VALLEY AVE.
NEW WINDSOR NY 12553
ATTORNEYS FOR NEW PALTZ TOWN DEFENDANTS

ERIC KURTZ ESQ.
85 MAIN ST
KINGSTON NY 12401
ATTORNEY FOR ULSTER COUNTY DEFENDANTS

/s/ Angelo Ruotolo
Name: ANGELO RUOTOLO
Attorney for
Address: 96 PELHAM DRIVE
CORNWALL NY 12518
917-604-7332

[***Note to inmate filers**: If you are an inmate confined in an institution and you seek the timing benefit of Fed.R.App.P. 4(c)(1), complete Form 7 (Declaration of Inmate Filing) and file that declaration along with this Notice of Appeal.*]

*See Rule 3(c) for permissible ways of identifying appellants.

BASIS FOR APPEAL ARE INCLUDED IN THE ATTACHED 5 PRINTED PAGES (AR)

TO: MIKAEL COHN ESQ.
272 MILL STREET FLOOR 1
POUGHKEEPSIE NY 12601

## BASIS FOR APPEAL OF THE ATTACHED DECISION AND ORDER

1. On page 1 of the attached decision and order that is being appealed, District Court acknowledges the fact that "Plaintiff filed a response to motion, Dkt. No. 138 (response")," but the top paragraph of the decision and order at page 2 states ""Plaintiff did not file a response to the Statement of Material Facts.". This is patently false as plaintiff submitted a 24 page affidavit with 9 exhibits attached and plaintiff submits a Court date stamped first page of his affidavit showing a timely filed Court stamp of June 27th 2024. This is attached hereto at exhibit. 4. In the unlikely event that the District Court does not, sua sponte correct its error, then this appeal in addition to being appealed for the reason stated in paragraph 1, will also be appealed for the following reasons numbered at paragraph 1 through 9 of these typed pages. If, on the other hand, the district court ignored the plaintiff's 24 page affidavit with 9 exhibits attached because something was not in proper format, than the district court violated the landmark United States Supreme Court Ruling under Haines v Kerner which firmly established that pleadings of pro se litigants are supposed to be held to a lesser stringent standard than those drafted by attorneys. This constitutes clear and convincing reversible error.
2. Nowhere in the attached 9 page decision and order, does the District Court make any mention or reference of the disputed material issue of fact, that at all relevant times, the Ulster County Jail Medical office, had in their care custody and control, my prescribed medications, in their prescribed bottles with required dossing amounts to be administered, and still the Ulster County Jail Medical Personnel failed to administer those medications to me, even though the medical nurse who accepted those medications from my spouse, promised my spouse that they would be administered to me in accordance with the Dossing instructions on the prescribed bottles. (see exhibit #1 attached, which is the return voucher for those medicines signed by Plaintiff and Ulster County Jail nurse). This critical omission by the District Court is a material disputed issue of fact that must be determined by a Jury. The lack of being administered those medications caused my blood glucose sugar to be wildly out of control and caused feelings of diabetic related ailments to the Plaintiff along with a constant fear of a diabetic stroke.
3. The attached 9 page decision is further devoid of any reference to the Medical Orders written by the Ulster County Jail doctor herself, Dr Elizabeth Kulesza, specifically ordering for me Janumet and the Ulster County Jail Doctor also specifically asking Ulster County Jail Personnel, whether patient can provide those medications to Ulster County Jail for administering to inmate. This order is marked DENIED. (Exh. 2 attached). At the time of this order from Ulster County

Jail Doctor, Dr Elizabeth Kulesza, the Ulster County Jail Medical Personnel had already had in their care, custody and Control , my Janumet that my spouse had hand delivered several weeks before. (See exhibit #2 attached for Ulster County Jail Doctor order of Janumet for me). The indisputable failure by Ulster County Jail medical personnel to comply with its own doctor's orders and administer to me, my Diabetic Medication of Janumet and Finastride that was already in the custody, care and Control of Ulster County Jail medical personnel, is a disputed material triable issue of fact that must be determined by a jury and cannot be dismissed or failed to be considered, as the district Court did here, on a summary judgement motion. This is a disputed material triable issue of fact that must be determined by a jury.

4. The unlawful incarceration and prosecution of the Plaintiff, for an alleged building code violation under a false name, when the New Paltz Town Court acknowledged on the Court Transcript at page 4, (exhibit C to complaint and exhibit 3 attached hereto) that it knew my true identity, amounts to a violation of the 6th amendment under the United States constitution because being tried under a false name, when at all relevant times the New Paltz Town Court knew my true identity, amounts to a secret trial and not a public trial, thereby resulting in a violation of the 6th amendment, to the United States Constitution, which guarantees all defendants a public trial. A local town court judge cannot supersede the United States Constitution and make up its own rules and laws, as New Paltz Town Court did here, and the District Court for the Northern District Of New York, committed egregious reversible error when it granted blanket judicial immunity to the New Paltz Town Judge for acts that involved Fraud.

5. The District Court for the Northern District of New York also previously granted prosecutorial immunity to Kevin Barry who fraudulently claimed to be an authorized prosecutor, but was not an authorized prosecutor because he was neither a member of the Ulster County District attorney's office, as required under New York State County Law 700, nor was he authorized to act as a special prosecutor under New York State County Law 701, which calls for a **Superior court Judge** to appoint a special prosecutor, when there is reason for the County District Attorney not being able to act. Specifically, New York State County Law 700 reads as follows: ("1. Except as provided in <u>section seven hundred one</u> of this chapter it **<u>shall</u>** be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed;...' The fraudulent prosecutor for my alleged Criminal Code Violation was instead appointed by the New Paltz Town Board, as per his attorney's 12b6 filing at exhibit "J". The appointment of a fraudulent prosecutor not being

authorized to act as a criminal prosecutor is a material triable issue of fact, which according to Magistrate Stewart in a decision and order dated February 20th 2024 at page 8, certainly would implicate the validity of the underlying conviction if Kevin Barry was not authorized to act. This too was raised in the opposition to summary judgment and Magistrate Stewarts motion was attached to my opposition to summary judgment. Therefore, whether Kevin Barry was authorized to act, given that he was neither a member of the office of the District attorney as required under NYS County Law 700, nor appointed by a superior Court Judge as a special prosecutor as required under NYS County Law 701, is a material question of fact that must be determined by a jury. Therefore, the Northern District Court is not allowed to act in a manner that is contrary to New York State County Law at 700 nor is the District Court for the Northern District of New York allowed to act in a manner that is contrary to New York State County Law at 701. The Northern District Court is required to enforce State law as written and committed egregious reversible error when the District Court ignored the law as written and imposed its own will, which was contrary to the law as written. This is a disputed material issue of fact that must be determined by a jury. Granting full prosecutorial immunity to a fake and fraudulent prosecutor is akin to me being granted judicial immunity if I were to dawn the judges robe, sit on the Federal bench and issue decisions and orders similar to the one that is being appealed and attached. That would simply defy logic.

6. The Northern District of New York, District Court, further granted Judicial Immunity to the New Paltz Town Judge Bacon for fraud. However, legal precedent under Braatelien v United States , 147 F2d 888 (8th Cir. 1945) as well as other decisions, have determined that Fraud is not an offense for which judicial immunity can be extended. Fraud is a question of fact that must be determined by a jury. Additionally, signing a commitment order to jail, and knowingly jailing and prosecuting a person under a false name, is specifically an act which is excluded from Judicial immunity under the second restatement of torts and also contrary to the language under New York State Penal Code at section 175.35 "A person is guilty of offering a false instrument for filing in the
first degree when:

1. knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political
subdivision, public authority or public benefit corporation of the

state, he or she offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded
in or otherwise become a part of the records of such public office,
public servant, public authority or public benefit corporation; or".

7. The District Court further unreasonably and stubbornly refused the Pro Se Plaintiff the opportunity to Participate in the Mandatory Mediation Program as required under the Northern district of New York Rules pursuant to General Order 47, and also as required under memo by Chief Judge Gary L. Sharpe. See exhibit 5 for General order 47 and Memo by Chief Judge Sharpe. The District Court closed the avenues of settlement to pro se litigant and did so without even asking opposing counsel on whether they wanted to participate in such alternative dispute resolution even though the motion for participation under General Order 47 was submitted well before the summary judgment motion. This failure to comply with its own Northern District of New York Rules at general order 47 and the Chief Judge Memo at exhibit 5, is demonstrative of the District Court Zeal to Dismiss the pro se litigant pleadings, and the District Court did so in order to deliver to the pro se plaintiff the un-mistakeable message that the court - house door at the Northern District of New York is firmly and permanently shut to pro se litigants.
8. The sentence invalidation of its own previously imposed sentence by the New Paltz Town Court Judge Bacon on February 11, 2020, after the 90 day sentence had already started to run, was specifically prohibited under Criminal Procedure Law 430.10, and this amounts to indisputable unlawful incarceration and therefore, violative of applicable Federal and State constitutional amendments. This unlawful sentence invalidation after the sentence had started to run, in violation of criminal procedure law at 430.10, clerly fully satisfies the criteria under Heck v Humphrey. This is also a material triable issue of fact that has not been addressed by the district court in the attached decision and order, but raised in the Plaintiff's affidavit in opposition to summary judgment.
9. The additional Material disputed issue of fact raised by the plaintiff in the permitted sur-reply motion, in which the plaintiff stated that based on his 20 years of experience working in the NYPD, there is no such secretive data base that would show that the plaintiff's real name was Anthony and not Angelo, as alleged by opposing counsel. This is a material disputed issue of fact that must be determined by a jury, and not the judge on a summary judgment motion.

Opposing counsel maintained in his summary judgment motion that there is a secret data base, from which the name Anthony was derived for the plaintiff, but at all relevant times the opposing counsel failed to identify such data base even though the Plaintiff repeatedly requested that he identify such secret data base that is only presumably known to the Ulster County Sherriff's office. Plaintiff submitted a signed sworn affidavit in his sur reply, stating that based on his 20 years of service with the NYPD, and supervising many such background checks, no such data base existed. Therefore, the existence of such alleged data base as maintained by opposing counsel, is a disputed material triable issue of fact that must be determined by a jury.

END OF BASIS FOR APPEAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANGELO RUOTOLO,

Plaintiff,

-against- 1:22-CV-169 (LEK/DJS)

SHERIFF JUAN FIGUEROA, *et al.*,

Defendants.

---

BUT ON PAGE 2 OF THIS DECISION, TOP PARAGRAPH LINE 3, JUDGE KAHN SAYS I DID NOT FILE A RESPONSE???

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Pro se Plaintiff Angelo Ruotolo commenced this action pursuant to 42 U.S.C. § 1983 on November 15, 2021, Dkt. No. 1, and filed an amended complaint on January 21, 2022, Dkt. No. 39 ("Complaint"); Dkt. No. 39-1 ("Addendum"). The Court dismissed multiple Defendants on March 14, 2023. Dkt. No. 74. Now remaining Defendants Sheriff Juan Figueroa, Ulster County, Jane Doe, and John Doe filed a motion for summary judgment, Dkt. No. 133-8 ("Motion"), and provided a statement of material facts, Dkt. No. 133-7 ("Statement of Material Facts" or "SMF"). Plaintiff filed a response to the Motion, Dkt. No. 138 ("Response"), and Defendants filed a reply, Dkt. No. 140. Plaintiff filed a sur-reply, Dkt. No. 142, and Defendants filed a sur-response, Dkt. No. 144.

For the reasons that follow, the Motion is granted.

## II. BACKGROUND

### A. Admission of Statement of Material Facts

On June 10, 2024, Plaintiff was served with a standard form titled "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion," which clarifies that if

Plaintiff "do[es] not submit a proper response to the defendants' statement of material facts, the Court may deem [Plaintiff] to have admitted the defendants' factual statements." Dkt. No. 134 at 2 (emphasis omitted); *see also* N.D.N.Y. L.R. 56.1(b). Plaintiff did not file a response to the Statement of Material Facts. *See generally* Resp. Therefore, the Court will deem properly supported facts stated in the Statement of Material Facts as true for the purposes of the Motion. *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (accepting as true the material facts contained in unopposed statement of material facts).

PATENTLY INCORRECT PRO SE PLAINTIFF FILED A 24 PAGE AFFIDAVIT WITH 9 EXHIBITS ATTACHED AND A DATE STAMPED COPY IS ATTACHED AT EXH. 4

**B. Factual Background**

The factual summary of this action is taken from the Statement of Material Facts.

In 2012 and 2013, Plaintiff purchased two properties. SMF ¶¶ 1–2. Plaintiff transferred the properties to two separate LLCs in 2016, where he remained "in a management capacity for each LLC." *Id.* ¶ 3 (quoting Compl. at 29[1]). In 2018, criminal charges were filed against the LLCs and their management agent, who was listed as "Anthony Ruotolo" instead of "Angelo Ruotolo." *Id.* ¶ 4. Plaintiff was found guilty of a housing code violation and sentenced by the Town of New Paltz Justice Court to a 90-day jail term. *Id.* ¶ 5.

Plaintiff was incarcerated at Ulster County Jail. *Id.* ¶ 8. Upon surrendering on January 7, 2020, Plaintiff was processed under the name "Anthony Ruotolo," the name listed on the commitment order from the Justice Court. A routine background check included the use of the name "Angelo." *Id.* ¶ 6.

THIS WAS DISPUTED IN THE PLAINTIFF'S RESPONSE IN OPPOSITION AND ALSO BY EXHIBIT 5 WHICH IS A COPY OF PAGE 4 OF THE NEW PALTZ COURT TRANSCRIPT WHERE I ASK THE JUDGE TO INFORM THE JURY OF MY TRUE NAME

While incarcerated, Plaintiff requested his diabetic medications. *Id.* ¶ 8. Ulster County Jail staff reached out to various pharmacies based on the information provided by Plaintiff to get

[1] Citations to the Complaint refer to the pagination generated by CM/ECF, the Court's electronic filing system.

his prescription information. *Id.* The pharmacies advised that they had no records for "Anthony Ruotolo," nor any records for "Angelo Ruotolo." *Id.* This was the case even after providing the pharmacies with Plaintiff's telephone number, date of birth, and social security number. *Id.*

Ulster County Jail staff requested that Plaintiff submit to lab work to assess appropriate medical care for him. *Id.* ¶ 9. Plaintiff refused to allow lab work on four separate occasions, "stating that he did not wish to have the work performed until he was taking his regular medications." *Id.* While incarcerated, Plaintiff received insulin injections on at least six separate occasions. *Id.* ¶¶ 10, 13. Plaintiff was released from custody on February 11, 2020. *Id.* ¶ 13.

WHICH HAD BEEN DELIVERED TO MEDICAL PERSONNEL AT ULSTER COUNTY JAIL AND SAT IN THE MEDICAL STAFF OFFICE AND NOT ADMINISTERED TO ME

BUT MY DIABETIC MEDICATION SAID RIGHT ON THE BOTTLES THAT I WAS SUPPOSED TO TAKE 2 TIMES PER DAY AND NOT 6 TIMES WHEN 35 DAYS

SENTENCE INVALIDATION BY THE NEW PALTZ TOWN JUDGE WAS CONTRARY TO LAW AT CRIMINAL PROCEDURE LAW [illegible] THEREBY FULLY SATISFYING REQUIREMENT UNDER HECK V. HUMPHREY

Plaintiff asserts two remaining claims: (1) Eighth Amendment deliberate indifference to his serious medical needs under 42 U.S.C. § 1983 and (2) denial of medication under New York State Human Rights Law § 296(2)(a).[2] *See* Dkt. No. 122 at 12–13; Add'm at 13–14, 2–3.

## III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, summary judgment cannot be granted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see*

[2] The Addendum to the Complaint states "a violation of New York State Human Rights Law at paragraph 2(A) and 2(A)(ii)." Add'm at 2. However, since the language Plaintiff refers to is from N.Y. Exec. Law § 296(2)(a), the Court will construe this claim under Section 296(2)(a).

*also Taggart v. Time, Inc.*, 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing a court of the basis for its motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

After the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts" to defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rely on mere conclusory allegations, speculation, or conjecture," *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020), and must present more than a mere "scintilla of evidence" to support its claims, *Anderson*, 477 U.S. at 252. At the same time, a court must resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S 133, 150 (2000). The Court "may not make any credibility determinations or weigh the evidence." *Id.* Thus, a court's duty in reviewing a motion for summary judgment is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

A 24 PAGE AFFIDAVIT WIT 9 EXHIBITS WAS TIMELY SUBMITTED AND COURT DATE STAMPED COPY OF FIRST PAGE IS ATTACHED HERETO AT EXHIBIT

BUT THAT'S EXACTLY WHAT THE COURT DID HERE!

THE DISTRICT COURT DID NOT DO THIS SINCE IT FAILED TO CONSIDER ANY OF THE MATERIAL IN THE 24 PAGE PLAINTIFF AFFIDAVIT IN OPPOSITION NOR ANY OF THE 9 EXHIBITS ATTACHED

## IV. DISCUSSION

### A. Doe Defendants

As an initial matter, Defendants argue that Defendants Jane Doe and John Doe should be dismissed because "Plaintiff has taken no steps to identify or serve those individuals and discovery has come to a close." Mot. at 17 (emphasis omitted). The Court agrees. Plaintiff has

DISPUTED BECAUSE OPPOSING COUNSEL HAS REFUSED TO IDENTIFY SUCH POSSIBLE DEFENDANTS.

had ample time since commencing this action to identify the Doe Defendants, but has not done so. "All discovery is complete and thus, [P]laintiff's failure to identify the 'John Doe' defendant[s] mandates dismissal." *Epps v. City of Schenectady*, No. 10-CV-1101, 2013 WL 717915, at *5 (N.D.N.Y. Feb. 27, 2013). Plaintiff does not address this argument in his Response. *See Burns v. Trombly*, 624 F. Supp. 2d 185, 197 (N.D.N.Y. 2008) (dismissing four Doe defendants because the "[p]laintiff has failed to oppose that portion of [the d]efendants' motion requesting dismissal of [the] claims against the four 'John Doe' [d]efendants").

I thought there was a response?

Accordingly, Defendants Jane Doe and John Doe are dismissed from this action.

**B. Deliberate Indifference Claim**

Defendants argue that Plaintiff's Eighth Amendment deliberate indifference claim fails to state a claim and cannot survive summary judgment. Mot. at 6–16.

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This standard incorporates both objective and subjective elements." *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind. *Id.* at 183–84 (citing *Chance*, 143 F.3d at 702).

Regarding the subjective element, "[a]n official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety.'" *Chance*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "An inmate's refusal to receive treatment indicates that the inmate's treating doctors and nurses were

REFUSING TO ADMINISTER PLAINTIFF'S PRESCRIBED MEDICATIONS WHEN THOSE MEDICATIONS ARE IN THE CUSTODY OF MEDICAL STAFF AND FURTHER PRESCRIBED BY JAIL HOUSE DOCTOR IS DELIBERATE INDIFFERENCE. THESE ARE THE FACTS

THE TREATMENT WAS NOT ADEQUATE AS EVIDENCED BY DAILY TESTING OF BLOOD SUGAR.

not deliberately indifferent to the inmate's medical needs." *Nelson v. Deming*, 140 F. Supp. 3d 248, 261 (W.D.N.Y. 2015) (citing *Jones v. Smith*, 784 F.2d 149, 152 (2d Cir. 1986)). "[M]ere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("[A] prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment."). NO ADEQUATE TREATMENT WAS RECIEVED AS EVIDENCED BY THE REGISTERED BLOOD SUGAR NUMBERS TAKEN DAILY

THE INMATE PROPERLY UPDATE SIGNED BY NAME AND PLAINTIFF AT EXHIBIT 1 ATTACHED PROVES THAT THE ULSTER COUNTY JAIL MEDICAL PERSONNEL HAD MY PRESCRIBED MEDICINES IN THEIR CUSTODY

Plaintiff cannot satisfy the subjective element, as he fails to present any evidence that Defendant Ulster County or Defendant Figueroa possessed a sufficiently culpable state of mind when their staff did not provide Plaintiff with his diabetes medication. The uncontroverted (CONTROVERTED AND DISPUTED THROUGH 24 PAGE AFFIDAVIT IN OPPOSITION) Statement of Material Facts portrays Defendant's staff as attempting to address Plaintiff's issues, rather than "disregard[ing] an excessive risk to [Plaintiff's] health or safety." *Chance*, 143 F.3d at 702. Indeed, the staff attempted to find Plaintiff's prescription information by reaching out to various pharmacies. When Defendants' staff could not obtain Plaintiff's prescription information, they requested that Plaintiff submit to lab work on several occasions. Plaintiff refused. Defendants' staff also treated Plaintiff with insulin injections on multiple occasions. Although Plaintiff argues that "the amount of insulin administered was woefully inadequate," Resp. at 11, Plaintiff's refusal to undergo lab work undercut the staff's ability to properly assess and treat Plaintiff. Therefore, the cumulative efforts by the jail staff, coupled with Plaintiff's refusal of treatment, indicate that the subjective element of Plaintiff's Eighth Amendment claim cannot be satisfied. *See Nelson*, 140 F. Supp. 3d at 261 (finding no deliberate indifference when the "undisputed evidence" (TOTALLY DISPUTED IN THE 24 PAGE AFFIDAVIT AND 9 EXHIBITS!) shows that the plaintiff refused to receive medical treatment and failed to comply with the directions he received from the defendant-prison employees).

NEVER A REFUSAL! ALWAYS REQUESTED THAT LABWORK BE CARRIED OUT IN CONJUNCTION WITH ME BEING ADMINISTERED MY PRESCRIBED MEDICATIONS WHICH SAT IN THE MEDICAL OFFICE

ABSOLUTELY REFUTED AND DISPUTED BY PLAINTIFF'S EXHIBIT 7 ATTACHED TO HIS OPPOSITION TO SUMMARY JUDGMENT. THAT EXHIBIT AT PAGES 1, 2, 3, 4, 14, 15, 16, 18 AND 19, ABSOLUTELY REFUTES THIS CLAIM AND PLAINTIFF VEHEMENTLY DISPUTED THIS CLAIM AT PAGE 2 OF HIS OPPOSITION

Plaintiff's other arguments that the subjective element is satisfied our unavailing. Plaintiff contends that Defendants were deliberately indifferent when looking for his prescription because he "stated repeatedly to Ulster County jail personnel that [his] real name was Angelo and not Anthony." Resp. at 18. However, the jail staff searched for both "Anthony Ruotolo" and "Angelo Ruotolo" when conducting the background check and attempting to find Plaintiff's pharmaceutical records. Defendants' staff even provided the pharmacies with Plaintiff's telephone number, date of birth, and social security number. Although Plaintiff states that his own private investigator failed to find "Anthony Ruotolo" on any database, Resp. at 5, this does not contradict the unopposed Statement of Material Facts, nor does it bear on Defendant's state of mind.

BUT AT ALL RELEVANT TIMES DEFENDANTS HAD IN THEIR CUSTODY MY PRESCRIBED MEDICATIONS WITH MY REAL NAME (ANGELO) AND FAILED TO ADMINISTER THOSE MEDICATIONS EVEN AFTER THE JAIL HOUSE DOCTOR ORDERED THE MEDICAL STAFF TO DO SO.

MY PRIVATE INVESTIGATOR SAID THAT THERE IS ABSOLUTELY NO RECORD OF ANY TRIAL OR CONVICTION IN ANY RECORD. OPPOSING COUNSEL SAID THERE IS NOT ONE PIECE OF PAPER IN DISTRICT ATTORNEY OFFICE, NOR COUNTY CLERK'S OFFICE TO SUPPORT A TRIAL OR CONVICTION HENCE THE FRAUD!

Beyond that, Plaintiff argues that he did not refuse lab work, but rather he only wanted to take his medication before submitting to lab work. *See* Resp. at 2. However, "mere disagreement over the proper treatment does not create a constitutional claim," and "the fact that [Plaintiff] might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703.

THIS MATERIAL DISPUTED ISSUE OF FACT MUST BE DETERMINED BY A JURY.

REFUSING TO ADMINISTER PLAINTIFF'S MEDICATIONS WHEN THOSE MEDICATIONS ARE IN THE CUSTODY OF JAIL HOUSE MEDICAL PERSONNEL AND ORDERED TO BE ADMINISTER THOSE MEDICATIONS BY JAIL HOUSE DOCTOR, AND FAILING TO DO SO, DOES RISE TO DELIBERATE INDIFFERENCE

Since Plaintiff cannot satisfy the subjective element, the Court grants summary judgment in favor of Defendants on Plaintiff's deliberate indifference claim.

**C. Denial of Medication Claim**

Defendants argue that Plaintiff's denial of medication claim is not cognizable under New York law. Mot. at 16–17. Plaintiff alleges a violation of Section 296(2)(a) of the New York State Human Rights Law, which states in relevant part that it is "an unlawful discriminatory practice for any . . . agent or employee of any place of public accommodation . . . to refuse, withhold

from or deny to such person any of the accommodations" because of their "disability." N.Y. Exec. Law § 296(2)(a); *see* Add'm at 3.

However, a jail is not a "place of public accommodation." *See* N.Y. Exec. Law § 292(9); *Letray v. New York State Div. of Human Rights*, 121 N.Y.S.3d 481, 483 (N.Y. App. Div. 2020) ("For purposes of the Human Rights Law, a 'public accommodation, resort or amusement' offers 'conveniences and services to the public' and is 'generally open to all comers.' . . . It defies logic to suggest that law enforcement is providing 'conveniences' or 'services' to those arrested and detained. Nor is arrest and detention 'open to all comers' in any sense.") (cleaned up). As Plaintiff was held in Ulster County Jail, his Section 296(2)(a) claim is not applicable. *See id.* ("Arrest and incarceration are properly viewed as *the antithesis* of a 'public accommodation'") (cleaned up). The Court grants Defendants summary judgment on Plaintiff's denial of medication claim.

BY THIS LOGIC ANY EMPLOYEE OF ANY JAIL OR PRISON CAN VIOLATE HUMAN RIGHTS LAW OF ANY STATE. ABSURD

Since summary judgment is granted in favor of Defendants on all claims, the Court denies as moot Plaintiff's letter requesting participation in the Assisted Mediation Program. Dkt. No. 131.

BUT THE REQUESTED MANDATORY MEDIATION MOTION WAS FILED SEVERAL MONTHS BEFORE OPPOSING COUNSEL FILED SUMMARY JUDGMENT MOTION.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants Jane Doe and John Doe are **DISMISSED** from this action; and it is further

**ORDERED**, that Defendants' Motion for summary judgment, Dkt. No. 133, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's letter requesting participation in the Assisted Mediation Program, Dkt. No. 131, is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 23, 2025
Albany, New York

LAWRENCE E. KAHN
United States District Judge

## Clerk's Events

1:22-cv-00169-LEK-DJS Ruotolo v. Town of New Paltz et al

PRO SE

**U.S. District Court**

**Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.8 (Revision 1.8.2)]**

## Notice of Electronic Filing

The following transaction was entered on 1/23/2025 at 9:47 AM EST and filed on 1/23/2025

**Case Name:** Ruotolo v. Town of New Paltz et al
**Case Number:** 1:22-cv-00169-LEK-DJS
**Filer:**
**WARNING: CASE CLOSED on 01/23/2025**
**Document Number:** 150

**Docket Text:**
**JUDGMENT. IT IS ORDERED AND ADJUDGED that Defendants Jane Doe and John Doe are DISMISSED from this action; and it is further ORDERED, that Defendants' Motion for summary judgment, Dkt. No. [133], is GRANTED; and it is further ORDERED, that Plaintiff's letter requesting participation in the Assisted Mediation Program, Dkt. No. [131], is DENIED as moot. All of the above pursuant to the order of the Honorable Lawrence E. Kahn, dated January 23, 2025. (Copy served via regular and certified mail) (dpk)**

**1:22-cv-00169-LEK-DJS Notice has been electronically mailed to:**

Alana R. Bartley abartley@drakeloeb.com

Eric M. Kurtz ekurtz@cookfirm.com

**1:22-cv-00169-LEK-DJS Notice has been delivered by other means to:**

Angelo Ruotolo
96 Pelham Drive
Cornwall, NY 12518

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051896954 [Date=1/23/2025] [FileNumber=6330672-0
] [8c7c2415a43a909fe7c693b86d69657ecf97211947f90c68fe97549d61df246503b
81af4e24f64ee6cb5cf05f61accea919ba4b0985160ca8e79590d6e294bdb]]

# *UNITED STATES DISTRICT COURT*
## *NORTHERN DISTRICT OF NEW YORK*

## JUDGMENT IN A CIVIL CASE

**Angelo Ruotolo**
Plaintiff(s)

vs. **CASE NUMBER: 1:22-cv-169**

**Sheriff Juan Figueroa, John Doe, Jane Doe and Ulster County**
Defendant(s)

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that Defendants Jane Doe and John Doe are DISMISSED from this action; and it is further ORDERED, that Defendants' Motion for summary judgment, Dkt. No. [133], is GRANTED; and it is further ORDERED, that Plaintiff's letter requesting participation in the Assisted Mediation Program, Dkt. No. [131], is DENIED as moot.

All of the above pursuant to the order of the Honorable **Lawrence E. Kahn**, dated January 23, 2025.

DATED: January 23, 2025

Clerk of Court

s/
Daniel Krug
Deputy Clerk

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf— including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.

APPEAL,CLOSED,PRO SE

# U.S. District Court
# Northern District of New York − Main Office (Syracuse) [NextGen CM/ECF Release 1.8 (Revision 1.8.2)] (Albany)
# CIVIL DOCKET FOR CASE #: 1:22−cv−00169−LEK−DJS
## *Internal Use Only*

| | |
|---|---|
| Ruotolo v. Town of New Paltz et al<br>Assigned to: Senior Judge Lawrence E. Kahn<br>Referred to: Magistrate Judge Daniel J. Stewart<br>Case in other court: Second Circuit, 23−00605 and 23−00876<br>Second Circuit, 24−01109<br>New York Southern, 7:21−cv−09419<br>Cause: 42:1983 Civil Rights Act | Date Filed: 02/23/2022<br>Date Terminated: 01/23/2025<br>Jury Demand: Both<br>Nature of Suit: 440 Civil Rights: Other<br>Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Angelo Ruotolo** | represented by | **Angelo Ruotolo**<br>96 Pelham Drive<br>Cornwall, NY 12518<br>(917) 604−7332<br>Email:<br>PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **Town of New Paltz**<br>***TERMINATED: 03/14/2023*** | represented by | **Alana R. Bartley**<br>Drake, Loeb Law Firm<br>555 Hudson Valley Avenue − Suite 100<br>New Windsor, NY 12553<br>845−458−7329<br>Email: abartley@drakeloeb.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br>*Fee Status: paid_2023* |

**Defendant**

| | | |
|---|---|---|
| **Stacy Delarede**<br>*New Paltz Building Inspector Supervisor*<br>***TERMINATED: 03/14/2023*** | represented by | **Alana R. Bartley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br>*Fee Status: paid_2023* |

**Defendant**

| | | |
|---|---|---|
| **Mark Jaffee**<br>*Building Inspector*<br>***TERMINATED: 03/14/2023*** | represented by | **Alana R. Bartley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br>*Fee Status: paid_2023* |

**Defendant**

| | | |
|---|---|---|
| **Town Judge James Bacon**<br>***TERMINATED: 03/14/2023*** | represented by | **Alana R. Bartley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active* |

| | | |
|---|---|---|
| | | *Fee Status: paid_2023* |

**Defendant**

| | | |
|---|---|---|
| **Town Attorney Kevin Barry**<br>***TERMINATED: 03/14/2023*** | represented by | **Alana R. Bartley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br>*Fee Status: paid_2023* |

**Defendant**

| | | |
|---|---|---|
| **Town Supv. Neil Bettex**<br>***TERMINATED: 03/14/2023*** | represented by | **Alana R. Bartley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br>*Fee Status: paid_2023* |

**Defendant**

| | | |
|---|---|---|
| **Sheriff Juan Figueroa** | represented by | **Eric M. Kurtz**<br>Cook, Netter Law Firm<br>P.O. Box 3939<br>85 Main Street<br>P.O. Box 3939<br>Kingston, NY 12402<br>845−331−0702<br>Fax: 845−331−1003<br>Email: ekurtz@cookfirm.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br>*Fee Status: paid_2023* |

**Defendant**

| | | |
|---|---|---|
| **John Doe** | represented by | **Eric M. Kurtz**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br>*Fee Status: paid_2023* |

**Defendant**

| | | |
|---|---|---|
| **Jane Doe**<br>***TERMINATED: 01/21/2022*** | represented by | **Eric M. Kurtz**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br>*Fee Status: paid_2023* |

**Defendant**

| | | |
|---|---|---|
| **Ulster County** | represented by | **Eric M. Kurtz**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br>*Fee Status: paid_2023* |

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 11/15/2021 | 1 | COMPLAINT against James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Jane Doe, John Doe, Juan Figueroa, Mark Jaffee, Town of New Paltz. (Filing Fee $402.00, Receipt Number 465407018762) Document filed by Angelo Ruotolo. (Attachments: # 1 Main Document, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit) (sac) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/15/2021) |
| 11/15/2021 | 2 | CIVIL COVER SHEET filed. (sac) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/15/2021) |
| 11/15/2021 | | Case Designated ECF. (sac) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/15/2021) |
| 11/15/2021 | | Magistrate Judge Paul E. Davison is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018−06/AO−3.pdf. (sac) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/15/2021) |
| 11/15/2021 | 3 | SUMMONS ISSUED as to Town of New Paltz. (sac) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/15/2021) |
| 11/15/2021 | 4 | SUMMONS ISSUED as to Stacy Delarede. (sac) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/15/2021) |
| 11/15/2021 | 5 | SUMMONS ISSUED as to Mark Jaffee. (sac) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/15/2021) |
| 11/15/2021 | 6 | SUMMONS ISSUED as to James Bacon. (sac) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/15/2021) |
| 11/15/2021 | 7 | SUMMONS ISSUED as to Kevin Barry. (sac) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/15/2021) |
| 11/15/2021 | 8 | SUMMONS ISSUED as to Neil Bettex. (sac) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/15/2021) |
| 11/15/2021 | 9 | SUMMONS ISSUED as to Juan Figueroa. (sac) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/15/2021) |
| 11/18/2021 | 10 | ORDER: The Court directs Plaintiff to show cause within 21 days of the date of this order why the Court should not transfer this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of New York. A declaration form is attached to this order for Plaintiff's convenience. Plaintiff may use that form to comply with this order. If Plaintiff fails to comply with this order within the time allowed, or fails to show cause, the Court will transfer this action, under Section 1404(a), to the United States District Court for the Northern District of New York. Defendants are not required to respond to Plaintiff's complaint until after Plaintiff has complied with this order. The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444−45 (1962). The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. SO ORDERED. (Signed by Judge Cathy Seibel on 11/18/2021) (mml) Transmission to Docket Assistant Clerk for processing. [Transferred from New York Southern on 2/23/2022.] (Entered: 11/18/2021) |
| 11/19/2021 | | Mailed a copy of 10 Order to Show Cause, to Angelo Ruotolo at 96 Pelham Drive, Cornwall, NY 12518. (dsh) [Transferred from New York Southern on 2/23/2022.] (Entered: 11/19/2021) |
| 12/06/2021 | 11 | DECLARATION of Angelo Ruotolo in Opposition re: 10 Order to Show Cause. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/06/2021) |

| | | |
|---|---|---|
| 12/14/2021 | 12 | AFFIDAVIT OF SERVICE of Civil Cover Sheet, Summons in a Civil Action, and Complaint served on Town of New Paltz on 11/22/2021. Service was accepted by Rosanna Rosenkranse, Town Clerk. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/14/2021) |
| 12/14/2021 | 13 | AFFIDAVIT OF SERVICE of Summons in a Civil Action and Complaint with Exhibits, and Civil Cover Sheet served on Stacy Delarede on 11/30/2021. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/14/2021) |
| 12/14/2021 | 14 | AFFIDAVIT OF SERVICE of Summons in a Civil Action and Complaint with Exhibits, and Civil Cover Sheet served on James Bacon on 11/30/2021. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/14/2021) |
| 12/14/2021 | 15 | AFFIDAVIT OF SERVICE of Civil Cover Sheet, Summons in a Civil Action, and Complaint served on Kevin Barry on 12/2/2021. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/14/2021) |
| 12/14/2021 | 16 | AFFIDAVIT OF SERVICE of Summons in a Civil Action and Complaint with Exhibits, and Civil Cover Sheet served on Neil Bettez on 11/29/2021. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/14/2021) |
| 12/14/2021 | 17 | AFFIDAVIT OF SERVICE of Civil Cover Sheet, Summons in a Civil Action, and Complaint served on Sheriff Juan Figueroa on 11/22/2021. Service was accepted by Kerry Muldoon, Sheriff's Confidential Secretary. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/14/2021) |
| 12/21/2021 | 18 | MOTION for Default Judgment as to Town of New Paltz. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/21/2021) |
| 12/21/2021 | 19 | AFFIDAVIT in Support re: 18 MOTION for Default Judgment. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/21/2021) |
| 12/21/2021 | 20 | MOTION for Default Judgment as to Sheriff Juan Figueroa. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/21/2021) |
| 12/21/2021 | 21 | AFFIDAVIT in Support re: 20 MOTION for Default Judgment. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/21/2021) |
| 12/21/2021 | 22 | ORDER denying without prejudice 18 Motion for Default Judgment: Per my Individual Practices, default judgments must be sought via Order to Show Cause. (Plaintiff is encouraged to sign up for electronic notifications. More information is available on the Court's website.) The Clerk of Court is respectfully directed to send a copy of this text order to Plaintiff. (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) Copies of Notice of Electronic Filing To Be Mailed By Clerks Office. (Seibel, Cathy) Transmission to Docket Assistant Clerk for processing. [Transferred from New York Southern on 2/23/2022.] (Entered: 12/21/2021) |
| 12/21/2021 | 23 | ORDER denying without prejudice 20 Motion for Default Judgment: Per my Individual Practices, default judgments must be sought via Order to Show Cause. (Plaintiff is encouraged to sign up for electronic notifications. More information is available on the Court's website.) The Clerk of Court is respectfully directed to send a copy of this text order to Plaintiff. (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) Copies of Notice of Electronic Filing To Be Mailed By Clerks Office. (Seibel, Cathy) Transmission to Docket Assistant Clerk for processing. [Transferred from New York Southern on 2/23/2022.] (Entered: 12/21/2021) |
| 12/21/2021 | | Mailed a copy of 22 Order on Motion for Default Judgment to Angelo Ruotolo at 96 Pelham Drive, Cornwall, NY 12518. (kh) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/21/2021) |

| | | |
|---|---|---|
| 12/21/2021 | | Mailed a copy of 23 Order on Motion for Default Judgment to Angelo Ruotolo at 96 Pelham Drive, Cornwall, NY 12518. (kh) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/21/2021) |
| 12/28/2021 | 24 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** PROPOSED ORDER TO SHOW CAUSE FOR JUDGMENT BY DEFAULT(WITHOUT EMERGENCY RELIEF). Document filed by Angelo Ruotolo. (sc) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** Modified on 12/28/2021 (km). [Transferred from New York Southern on 2/23/2022.] (Entered: 12/28/2021) |
| 12/28/2021 | 25 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** PROPOSED ORDER TO SHOW CAUSE FOR JUDGMENT BY DEFAULT(WITHOUT EMERGENCY RELIEF). Document filed by Angelo Ruotolo. (sc) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** Modified on 12/28/2021 (km). [Transferred from New York Southern on 2/23/2022.] (Entered: 12/28/2021) |
| 12/28/2021 | 26 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** PROPOSED ORDER TO SHOW CAUSE FOR JUDGMENT BY DEFAULT(WITHOUT EMERGENCY RELIEF). Document filed by Angelo Ruotolo. (sc) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** Modified on 12/28/2021 (km). [Transferred from New York Southern on 2/23/2022.] (Entered: 12/28/2021) |
| 12/28/2021 | 27 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** PROPOSED ORDER TO SHOW CAUSE FOR JUDGMENT BY DEFAULT(WITHOUT EMERGENCY RELIEF). Document filed by Angelo Ruotolo. (sc) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** Modified on 12/28/2021 (km). [Transferred from New York Southern on 2/23/2022.] (Entered: 12/28/2021) |
| 12/28/2021 | | **FILING ERROR − DEFICIENT DOCKET ENTRY −** PROPOSED ORDER TO SHOW CAUSE FOR JUDGMENT BY DEFAULT(WITHOUT EMERGENCY RELIEF). Document filed by Angelo Ruotolo. (sc) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** Modified on 12/28/2021 (km). [Transferred from New York Southern on 2/23/2022.] (Entered: 12/28/2021) |
| 12/28/2021 | | *****NOTICE REGARDING DEFICIENT PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Notice regarding Document Proposed Order to Show Cause Without Emergency Relief 24 Proposed Order to Show Cause Without Emergency Relief 27 Proposed Order to Show Cause Without Emergency Relief 25 Proposed Order to Show Cause Without Emergency Relief 26 Proposed Order to Show Cause Without Emergency Relief. The filing is deficient for the following reason(s): The documents are premature. You need to obtain a clerk's certificate of default first. (km)** [Transferred from New York Southern on 2/23/2022.] (Entered: 12/28/2021) |
| 12/28/2021 | 28 | ORDER: Plaintiff previously sought default judgments by motion (ECF Nos. 18−21). I denied the motions without prejudice and explained that under my rules, defaults must be sought via Order to Show Cause (ECF Nos. 22−23). Now Plaintiff has sought Orders to Show Cause (ECF Nos. 24−27). At the time of my prior orders, (ECF Nos. 22−23), I did not focus on the fact that in my 11/18/21 Order directing Plaintiff to show cause why this case should not be transferred, I had stated that Defendants did not have to respond to the Complaint until Plaintiff complied, (ECF No. 10). Plaintiff complied with the 11/18/21 Order by submitting a Declaration on 12/6/21 (ECF No. 11). The Court did not rule at the time, and believes that the better course is to await Defendants appearance and obtain their views on the issue of transfer. But the Courts silence may have misled Defendants into thinking there would be a forthcoming order that would either transfer the case or direct them to respond to the Complaint. In light of this possible confusion, the strong preference for deciding cases on the merits, see, e.g., New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005), and the lack of prejudice to Plaintiff at this early stage, it is hereby ORDERED that Defendants time to respond to the Complaint is extended to 1/14/22 nunc pro tunc. Should Defendant fail to timely respond, Plaintiff may resubmit his proposed Orders to Show Cause (this time accompanied by the Clerks Certificate of Default, as required by my Individual Practices). The Clerk of Court is respectfully directed to send a copy of this text order to Plaintiff, who again is encouraged to sign up for electronic notifications. (HEREBY ORDERED by Judge Cathy Seibel) (Text Only Order) Copies of Notice of Electronic Filing To Be Mailed By Clerks Office. (Seibel, Cathy) Transmission to Docket Assistant Clerk for processing. [Transferred from New York Southern on 2/23/2022.] |

| | | |
|---|---|---|
| | | (Entered: 12/28/2021) |
| 12/29/2021 | | Mailed a copy of Text Order 28, Order, to Angelo Ruotolo 96 Pelham Drive Cornwall, NY 12518. (dsh) [Transferred from New York Southern on 2/23/2022.] (Entered: 12/29/2021) |
| 12/29/2021 | 29 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** PROPOSED ORDER TO SHOW CAUSE FOR JUDGMENT BY DEFAULT(WITHOUT EMERGENCY RELIEF). Document filed by Angelo Ruotolo. (sc) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** Modified on 1/3/2022 (dt). [Transferred from New York Southern on 2/23/2022.] (Entered: 01/03/2022) |
| 01/03/2022 | | *****NOTICE REGARDING − DEFICIENT DOCKET ENTRY ERROR. Notice to Angelo Ruotolo Regarding Document 29 Proposed Order to Show Cause Without Emergency Relief. ERROR(S): Premature, Defendants time to respond to the Complaint is extended to 1/14/22 nunc pro tunc. See Doc. #28, Should Defendant fail to timely respond, Plaintiff may resubmit his proposed Orders to Show Cause (this time accompanied by the Clerks Certificate of Default. (dt)** [Transferred from New York Southern on 2/23/2022.] (Entered: 01/03/2022) |
| 01/03/2022 | 30 | AFFIDAVIT OF SERVICE of Summons and Complaint. Mark Jaffee served on 12/11/2021. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 01/03/2022) |
| 01/03/2022 | 31 | PROPOSED ORDER TO SHOW CAUSE FOR JUDGMENT BY DEFAULT(WITHOUT EMERGENCY RELIEF). Document filed by Angelo Ruotolo. (sc) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** [Transferred from New York Southern on 2/23/2022.] (Entered: 01/03/2022) |
| 01/10/2022 | 32 | LETTER addressed to Judge Cathy Seibel from Alana R. Bartley, Esq. dated January 10, 2022 re: to request a pre−motion conference on the Town Defendants' contemplated motion to dismiss. Document filed by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz..(Bartley, Alana) [Transferred from New York Southern on 2/23/2022.] (Entered: 01/10/2022) |
| 01/10/2022 | 33 | MEMO ENDORSEMENT on re: 32 Letter, filed by James Bacon, Stacy Delarede, Neil Bettex, Kevin Barry, Mark Jaffee, Town of New Paltz,ENDORSEMENT: Pre−Motion Conference set for February 22, 2022 at 4:30 p.m. Plaintiff to state their position, by letter of no more than 3 pages, by February 15, 2022. SO ORDERED. (Signed by Judge Cathy Seibel on 1/10/2022) ( Pre−Motion Conference set for 2/22/2022 at 04:30 PM before Judge Cathy Seibel.) (ks) [Transferred from New York Southern on 2/23/2022.] (Entered: 01/10/2022) |
| 01/11/2022 | 34 | NOTICE OF APPEARANCE by Alana Renee Bartley on behalf of James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz..(Bartley, Alana) [Transferred from New York Southern on 2/23/2022.] (Entered: 01/11/2022) |
| 01/11/2022 | 35 | CERTIFICATE OF SERVICE of Notice of Appearance served on Pro Se Plaintiff, Angelo Ruotolo on January 11, 2022. Service was made by ECF and Mail. Document filed by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz..(Bartley, Alana) [Transferred from New York Southern on 2/23/2022.] (Entered: 01/11/2022) |
| 01/12/2022 | 36 | ANSWER to Complaint with JURY DEMAND. Document filed by Jane Doe, John Doe, Juan Figueroa. (Attachments: # 1 Supplement Certificate of Service).(Kurtz, Eric) [Transferred from New York Southern on 2/23/2022.] (Entered: 01/12/2022) |
| 01/14/2022 | 37 | LETTER addressed to Judge Cathy Seibel from Angelo Ruotolo dated 1/12/2022 re: I write in response to the letter from attorney Alana R. Bartley in order to correct certain misstated facts and errors of law. Document filed by Angelo Ruotolo. (vfr) [Transferred from New York Southern on 2/23/2022.] (Entered: 01/14/2022) |
| 01/18/2022 | 38 | LETTER addressed to Judge Cathy Seibel from Alana R. Bartley, Esq. dated January 18, 2022 re: regarding alleged conflict. Document filed by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz..(Bartley, Alana) [Transferred from New York Southern on 2/23/2022.] (Entered: 01/18/2022) |

| | | |
|---|---|---|
| 01/21/2022 | 39 | AMENDED COMPLAINT amending 1 Complaint, against James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, John Doe, Juan Figueroa, Mark Jaffee, Town of New Paltz, Ulster County with JURY DEMAND.Document filed by Angelo Ruotolo. Related document: 1 Complaint. (Attachments: # 1 Exhibit, # 2 Exhibit)(sc) (Additional attachment(s) added on 1/24/2022: # 3 Exhibit) (sc). (Main Document 39 replaced on 1/24/2022) (nb). [Transferred from New York Southern on 2/23/2022.] (Entered: 01/24/2022) |
| 01/25/2022 | 40 | LETTER addressed to Judge Cathy Seibel from Angelo Ruotolo dated 1/22/2022 re: I write in response to attorney Alana Bartley's letter dates January 19, 2022, wherein she states that Drake Loeb did not exist in 2005. Partners Richard J. Drake and Partner James R. Loeb absolutely did legal work as partners, and their firm did represent me, in a land use matter in 2005 under New York State Supreme Court...Due to all of the above substantiating attached enclosures, Plaintiff respectfully renews his request to have Drake Loeb PLLC removed due to conflict of interest, or preferable for Drake Loeb LLC to recuse themselves. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 01/25/2022) |
| 01/26/2022 | 41 | LETTER addressed to Judge Cathy Seibel from Alana R. Bartley, Esq. dated January 26, 2022 re: regarding alleged conflict of interest. Document filed by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz..(Bartley, Alana) [Transferred from New York Southern on 2/23/2022.] (Entered: 01/26/2022) |
| 02/09/2022 | 42 | NOTICE RE: CHANGE OF TIME OF CONFERENCE: The Pre−Motion Conference previously scheduled before this Court for February 22, 2022 at 4:30 p.m. will be held at 3:00 p.m. (same date) via telephone. Person(s) appearing via telephone are reminded of the general prohibition against any forms of recording and rebroadcasting of Court proceedings. Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Pursuant to Judge Seibel's Emergency Individual Rules and Practices in light of COVID−19, last revised on July 29, 2021, the parties are directed to attend by phone using the following information: Toll−Free Tele−conference number: (877) 336 1839 to call in and enter access code: 1047966#. The parties should call in from a landline phone (if possible), announce their last name(s) before addressing the Court at any time during the call, and mute their lines (pressing *6 on phone) when not speaking. Telephone Conference set for 2/22/2022 at 03:00 PM before Judge Cathy Seibel. (mml) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/09/2022) |
| 02/10/2022 | 43 | LETTER from Angelo Ruotolo dated 2/9/2022 re: Enclosed, please find 3 original affidavits of service for amended complaint upon the attorneys representing the Town of New Paltz and various employees...I ask that I be notified in writing or via email at the above email address for any scheduled appearances. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/10/2022) |
| 02/10/2022 | | Request for Copies/Transcripts/Docket Sheet Received: Re 43 Letter. Request for Docket Report and Consent to Electronic Service Form, from Angelo Ruotolo received on 2/10/2022. Transmission to Pro Se Assistants for processing. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/10/2022) |
| 02/10/2022 | 44 | AFFIDAVIT OF SERVICE. Ulster County served on 1/25/2022, answer due 2/15/2022. Service was accepted by Alice Lawlis, Deputy County Clerk. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/10/2022) |
| 02/10/2022 | 45 | AFFIDAVIT OF SERVICE. Juan Figueroa served on 1/25/2022, answer due 2/15/2022. Service was accepted by Sherri Mayone, Secretary. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/10/2022) |
| 02/10/2022 | 46 | AFFIDAVIT OF SERVICE. James Bacon served on 1/24/2022, answer due 2/14/2022; Kevin Barry served on 1/24/2022, answer due 2/14/2022; Neil Bettex served on 1/24/2022, answer due 2/14/2022; Stacy Delarede served on 1/24/2022, answer due 2/14/2022; Mark Jaffee served on 1/24/2022, answer due 2/14/2022; Town of New Paltz served on 1/24/2022, answer due 2/14/2022. Service was accepted by Stephen Gaba, Attorney. Document filed by Angelo Ruotolo. (ok) [Transferred from |

| | | |
|---|---|---|
| | | New York Southern on 2/23/2022.] (Entered: 02/10/2022) |
| 02/10/2022 | | Request for Copies/Transcripts/Docket Sheet Processed: Mailed copy of Docket Sheet, Consent to Electronic Service Form to Angelo Ruotolo at 96 Pelham Drive, Cornwall, NY 12518 on 2/10/2022. (sha) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/10/2022) |
| 02/14/2022 | 47 | ANSWER to 39 Amended Complaint, with JURY DEMAND. Document filed by Jane Doe, John Doe, Juan Figueroa, Ulster County. (Attachments: # 1 Affidavit Certificate of Service).(Kurtz, Eric) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/14/2022) |
| 02/14/2022 | 48 | LETTER addressed to Judge Cathy Seibel from Alana R. Bartley, Esq. dated February 14, 2022 re: Pre−Motion Letter regarding Amended Complaint. Document filed by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz..(Bartley, Alana) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/14/2022) |
| 02/14/2022 | 49 | MEMO ENDORSEMENT on re: 48 Letter, filed by James Bacon, Stacy Delarede, Neil Bettex, Kevin Barry, Mark Jaffee, Town of New Paltz. ENDORSEMENT: The proposed motion will be discussed at the already scheduled 2/22/22 conference. The Clerk shall send a copy of this endorsement to Plaintiff, who is encouraged to sign up for electronic service. SO ORDERED. (Signed by Judge Cathy Seibel on 2/14/2022) (mml) Transmission to Docket Assistant Clerk for processing. [Transferred from New York Southern on 2/23/2022.] (Entered: 02/14/2022) |
| 02/15/2022 | | Mailed a copy of 49 Memo Endorsement to Angelo Ruotolo at 96 Pelham Drive, Cornwall, NY 12518. (kh) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/15/2022) |
| 02/22/2022 | 50 | LETTER addressed to Judge Cathy Seibel from Angelo Ruotolo dated 2/18/2022 re: I write in response to the answer filed by Ulster County and Sheriff Juan Figueroa. No qualified nor absolute immunity applies in this case and any 12b6 motion is moot for reasons stated herein...For all the above reasons, plaintiff respectfully requests that 12b6 motions not be allowed at this time, and that we move to the discovery and deposition phase or in the alternative, we move to good faith mediation/arbitration with a goal towards settlement. Document filed by Angelo Ruotolo. (ok) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/22/2022) |
| 02/22/2022 | | Minute Entry for proceedings held before Judge Cathy Seibel: Pre−Motion Conference held on 2/22/2022. Plaintiff Angelo Ruotolo appears telephonically. Counsel for Defendant(s) Town of New Paltz, Delarede, Jaffee, Bacon, Barry, and Bettex, Alana Bartley, Esq., appears telephonically. Counsel for Defendant(s) Figueroa, Doe(s), and Ulster County, Eric Kurtz, Esq., appears telephonically. Law Clerk Saniya Suri appears telephonically. This case will be transferred to the Northern District of New York due to the Court finding no basis for this case being held in the Southern District. The Court will issue an Order. See transcript. (Court Reporter Sue Ghorayeb) (wc) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/22/2022) |
| 02/22/2022 | 51 | LETTER addressed to Judge Cathy Seibel from Angelo Ruotolo dated 2/17/2022 re: write in response to Alana R Bartley's letter dated February 14, 2022 wherein at paragraph 1 she request a pre motion conference for a motion pursuant to rule 12(b)(6). Document filed by Angelo Ruotolo. (mml) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/22/2022) |
| 02/22/2022 | 52 | ORDER: For reasons set forth on the record today, there is no basis for venue in the Southern District of New York. Defendants have not waived venue and request transfer. It is therefore ORDERED that this case be transferred forthwith to the United States District Court for the Northern District of New York. Defendants who have yet to answer shall have twenty−one days from the date of this Order to respond to Plaintiff's Amended Complaint. The waiting period of Local Rule 83.1 is waived. The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff. (Signed by Judge Cathy Seibel on 2/22/2022) (ate) Transmission to Docket Assistant Clerk for processing. Modified on 2/23/2022 (ate). [Transferred from New York Southern on 2/23/2022.] (Entered: 02/22/2022) |

| | | |
|---|---|---|
| 02/22/2022 | | CASE TRANSFERRED OUT ELECTRONICALLY from the U.S.D.C. Southern District of New York to the United States District Court − District of Northern District of New York.(ate) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/23/2022) |
| 02/23/2022 | | Mailed a copy of 52 Order, to Angelo Ruotolo at 96 Pelham Drive, Cornwall, NY 12518. (dsh) [Transferred from New York Southern on 2/23/2022.] (Entered: 02/23/2022) |
| 02/23/2022 | 53 | Case transferred in from District of New York Southern; Case Number 7:21−cv−09419. electronically transferred when case opened (Entered: 02/23/2022) |
| 02/23/2022 | 54 | G.O. 25 FILING ORDER ISSUED: Initial Conference set for 4/11/2022 at 09:00 AM in Albany before Magistrate Judge Daniel J. Stewart. Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 4/4/2022. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) {Copy mailed to Angelo Ruotolo by regular mail on 2/23/2022} (see) (Entered: 02/23/2022) |
| 02/23/2022 | 55 | PRO SE HANDBOOK and NOTICE issued and mailed to Angelo Ruotolo on 2/23/2022 with pro se packet. (see) (Entered: 02/23/2022) |
| 02/23/2022 | | ***Answer due date updated for James Bacon answer due 3/15/2022; Kevin Barry answer due 3/15/2022; Neil Bettex answer due 3/15/2022; Stacy Delarede answer due 3/15/2022; Mark Jaffee answer due 3/15/2022; Town of New Paltz answer due 3/15/2022. (see) (Entered: 02/23/2022) |
| 03/15/2022 | 56 | MOTION to Dismiss *the Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6)* filed by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz. Motion returnable before Judge Hon. Daniel J. Stewart Response to Motion due by 4/5/2022. Reply to Response to Motion due by 4/12/2022 (Attachments: # 1 Declaration, # 2 Affidavit James Bacon, # 3 Affidavit Rosanna Rosenkranse, # 4 Affidavit Mark Jaffee, # 5 Memorandum of Law, # 6 Exhibit(s) List, # 7 Exhibit(s) A, # 8 Exhibit(s) B, # 9 Exhibit(s) C, # 10 Exhibit(s) D, # 11 Exhibit(s) E, # 12 Exhibit(s) F, # 13 Exhibit(s) G, # 14 Exhibit(s) H, # 15 Exhibit(s) I, # 16 Exhibit(s) J, # 17 Exhibit(s) K, # 18 Certificate of Service) (Bartley, Alana) (Entered: 03/15/2022) |
| 03/29/2022 | 57 | AFFIDAVIT in Opposition re 56 MOTION to Dismiss *the Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6)* filed by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz. Motion returnable before Judge Hon. Daniel J. Stewart filed by Angelo Ruotolo. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 4, # 5 Exhibit(s) 5, # 6 Affidavit of Service as to Erik kurtz, # 7 Affidavit of service as to Drake Loeb, # 8 Cover Letter, # 9 Mailing Envelope)(mg) (Entered: 03/29/2022) |
| 03/30/2022 | 58 | CIVIL CASE MANAGEMENT PLAN by Angelo Ruotolo. (Attachments: # 1 Cover Letter, # 2 Letter to Opposing Counsel re: Selection of Mediator, # 3 Mailing Envelope)(mgh) (Entered: 03/30/2022) |
| 04/01/2022 | 59 | Letter Motion from Alana R. Bartley, Esq. for James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz requesting stay of discovery and adjournment of the Conference submitted to Judge Hon. Daniel J. Stewart . (Bartley, Alana) (Entered: 04/01/2022) |
| 04/01/2022 | 60 | Letter Motion from Alana R. Bartley, Esq. for James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz requesting an extension of time to reply submitted to Judge Hon. Daniel J. Stewart . (Bartley, Alana) (Entered: 04/01/2022) |
| 04/04/2022 | 61 | ORDER granting 60 Letter Request. Reply to response to 56 Motion to Dismiss is due 4/12/2022. Signed by Senior Judge Lawrence E. Kahn on 4/4/2022. (Copy served via regular mail) (dpk) (Entered: 04/04/2022) |
| 04/05/2022 | 62 | LETTER in response opposing the 59 Letter Motion from Alana R. Bartley, Esq. for James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz requesting stay of discovery and adjournment of the Conference submitted to Judge Hon. Daniel J. Stewart *filed by Angelo Ruotolo. (mgh) (Entered: 04/05/2022)* |

| | | |
|---|---|---|
| 04/06/2022 | 63 | TEXT ORDER granting Defendants' 59 Letter Request seeking an adjournment of the Rule 16 Initial Conference in this matter. The Rule 16 Initial Conference scheduled for April 11, 2022 before the undersigned and the deadline for the parties to file a proposed Civil Case Management Plan and exchange Mandatory Disclosures are ADJOURNED without date pending a decision on Defendants' Motion to Dismiss. SO ORDERED by Magistrate Judge Daniel J. Stewart on 4/6/2022. (Copy mailed to pro se plaintiff). (mab) (Entered: 04/06/2022) |
| 04/12/2022 | 64 | REPLY to Response to Motion re 56 MOTION to Dismiss *the Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6)* filed by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz. Motion returnable before Judge Hon. Daniel J. Stewart filed by James Bacon, Kevin Barry, Neil Bettex, Mark Jaffee, Town of New Paltz. (Bartley, Alana) (Entered: 04/12/2022) |
| 04/12/2022 | 65 | CERTIFICATE OF SERVICE by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz re 64 Reply to Response to Motion, *(Memorandum of Law in Reply)* (Bartley, Alana) (Entered: 04/12/2022) |
| 04/19/2022 | 66 | Letter Motion for Angelo Ruotolo requesting to supplement his affidavit at Dkt # 57 . (Attachments: # 1 Mailing Envelope)(mgh) (Entered: 04/19/2022) |
| 04/20/2022 | 67 | TEXT ORDER: On March 15, 2022, Defendants filed a motion to dismiss. Dkt. No. 56 . On March 29, 2022, Plaintiff filed a response in opposition to Defendants' motion to dismiss. Dkt. No. 57 . On April 12, 2022, Defendants filed a reply. Dkt. No. 64 . On April 19, 2022, Plaintiff filed a letter motion constituting a surreply to Defendants' reply. Dkt. No. 66 . Under the Local Rules, once the moving party has filed its reply papers "a surreply is not permitted." L.R. 7.1(a)(1). Therefore, the Court would normally not allow for Plaintiff's surreply. However, because Plaintiff is pro se, the Court affords him "special solicitude" before assessing Defendants' motion to dismiss. Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994). Therefore, Plaintiff's surreply is permitted in this instance. In the interest of justice, Defendants will also be granted the opportunity to respond to Plaintiff's sur−reply by April 27, 2022. SO ORDERED by Senior Judge Lawrence E. Kahn on 4/20/2022. (Copy served via regular mail)(dpk) (Entered: 04/20/2022) |
| 04/27/2022 | 68 | Response to Plaintiff's Sur−reply from Alana R. Bartley, Esq. for James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz requesting in response to Plaintiff's Sur−Reply filed on April 19, 2022 submitted to Judge Lawrence E. Kahn . (Bartley, Alana) Modified on 4/28/2022 (dpk). (Entered: 04/27/2022) |
| 04/28/2022 | | CLERK'S CORRECTION OF DOCKET ENTRY re 68 Response. Amended the text of this entry to indicate that it was the response to Plaintiff's sur−reply and not a letter request. (dpk) (Entered: 04/28/2022) |
| 06/01/2022 | 69 | LETTER BRIEF *to Hon. Lawrence E. Kahn enclosing the NYS Supreme Court, County of Ulster Decision and Order dated 5−13−22 that is relevant to this matter.* by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz. (Bartley, Alana) (Entered: 06/01/2022) |
| 06/07/2022 | 70 | RESPONSE to 69 LETTER BRIEF filed by Angelo Ruotolo. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Mailing Envelope)(mgh) (Entered: 06/07/2022) |
| 06/09/2022 | 71 | TEXT ORDER: The Court has received the letter brief from Alana Bartley, counsel for Defendants the Town of New Paltz, James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, and Mark Jaffe, Dkt. No. 69 , as well as Plaintiff Angelo Ruotolo's letter brief written in response to attorney Bartley's letter brief, Dkt. No. 70 . In a previous Text Order, the Court emphasized that it would not normally allow for surreplies to be filed. Dkt. No. 67 . In this instance, the Court reiterates that the text of the Local Rules clearly states that once a party has filed its reply papers "[a] surreply is not permitted." L.R. 7.1(a)(1). In the interest of justice, the Court will accept both attorney Bartley's filing, Dkt. No. 69 , and Plaintiff's filing, Dkt. No. 70 . However, the Court advises all parties that NO FURTHER SURREPLIES SHALL BE FILED with regard to the pending Motion to Dismiss in this case. Dkt. No. 56 . All parties are also advised that ANY FUTURE SURREPLIES with regard to the pending Motion to Dismiss SHALL BE STRICKEN FROM THE RECORD. SO ORDERED by Senior Judge Lawrence E. Kahn on 6/9/2022. (Copy served via regular mail) (dpk) (Entered: 06/09/2022) |

| | | |
|---|---|---|
| 07/11/2022 | 72 | **STRICKEN PURSUANT TO JUDGE KAHN'S TEXT ORDER FILED 7/14/2022** LETTER MOTION for Reconsideration re 71 Text Order filed by Angelo Ruotolo. Motion returnable before Judge Kahn. (mgh) Modified on 7/14/2022 (dpk). (Entered: 07/12/2022) |
| 07/14/2022 | 73 | TEXT ORDER. The Court has received Plaintiff's letter motion, Dkt. No. 72 ("Letter Motion"), requesting the Court to reconsider the order it issued on June 9, 2022, Dkt. No. 71 ("Text Order"). In the Text Order, the Court instructed "all parties that NO FURTHER SURREPLIES SHALL BE FILED with regard to the pending Motion to Dismiss in this case," and "that ANY FUTURE SURREPLIES with regard to the pending Motion to Dismiss SHALL BE STRICKEN FROM THE RECORD." Id. The Court DENIES Plaintiff's Letter Motion. To the extent the Letter Motion also serves as an "additional sur reply," Dkt. No. 72 at 1, regarding the pending motion to dismiss, the Court hereby STRIKES it from the record. SO ORDERED by Senior Judge Lawrence E. Kahn on 7/14/2022. (Copy served via regular mail) (dpk) (Entered: 07/14/2022) |
| 03/14/2023 | 74 | MEMORANDUM−DECISION AND ORDER. It is hereby ORDERED, that the New Paltz Defendants' Motion (Dkt. No. 56 ) is GRANTED; and it is further ORDERED, that Plaintiff's claims against James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, and the Town of New Paltz, are DISMISSED. Signed by Senior Judge Lawrence E. Kahn on 3/14/2023. (Copy served via regular mail)(dpk) (Entered: 03/14/2023) |
| 03/15/2023 | 75 | TEXT ORDER: An IN PERSON Initial Rule 16 Conference is set for 4/5/2023 at 11:00 AM in Albany before Magistrate Judge Daniel J. Stewart. The conference will be held at the James T. Foley US Courthouse, 445 Broadway, 4th Floor, Courtroom No. 2, Albany, NY. ( Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 3/29/2023. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) So Ordered by Magistrate Judge Daniel J. Stewart on 3/15/2023. (Copy served via regular mail)(gmd) (Entered: 03/15/2023) |
| 03/21/2023 | 76 | CIVIL CASE MANAGEMENT PLAN by Angelo Ruotolo. (Attachments: # 1 Envelope)(hmr) (Entered: 03/21/2023) |
| 03/21/2023 | 77 | REQUEST for Mandatory Disclosures. by Angelo Ruotolo. (Attachments: # 1 Envelope)(hmr) (Entered: 03/21/2023) |
| 03/29/2023 | 78 | MOTION to Reinstate Complaint and Allow Plaintiff to Repair Pleadings re 74 MEMORANDUM−DECISION AND ORDER, filed by Angelo Ruotolo. Motion returnable before Senior Judge Lawrence E. Kahn. Response to Motion due by 4/19/2023 (Attachments: # 1 Memorandum of Law, # 2 Exhibits, # 3 Cover Letter, # 4 Affidavit of Service for Alana R. Bartley, Esq., # 5 Affidavit of Service for Defendant Ulster County and Sheriff Juan Figueroa, # 6 Envelope) (ztc) (Entered: 03/29/2023) |
| 03/30/2023 | 79 | TEXT ORDER re 78 MOTION for Reconsideration: The Rule 16 conference set for 4/5/2023 and the 3/29/2023 deadline for the submission of a joint Civil Case Management Plan and exchange of Mandatory Disclosures are ADJOURNED WITHOUT DATE. The hearing and related deadlines will be reset, if deemed necessary, after disposition of the 78 Motion for Reconsideration. So Ordered by Magistrate Judge Daniel J. Stewart on 3/30/2023. (gmd)[Copy served via regular mail.] (Entered: 03/30/2023) |
| 04/03/2023 | 80 | TEXT ORDER: The Court has received Plaintiff's Motion "to Reinstate Complaint and Allow Plaintiff to Repair Pleadings." Dkt. No. 78 ("Motion"). However, Local Rule 7.1(b)(1) states that "[n]o party shall file or serve a memorandum of law that exceeds twenty−five (25) pages in length, double−spaced, unless that party obtains leave of the judge hearing the motion prior to filing." Plaintiff's memorandum of law is forty−four pages in length nineteen pages in excess of the prescribed limit. Thus, Plaintiff's Motion is DENIED without prejudice and with leave to renew in compliance with the Local Rules. Furthermore, under Local Rule 60.1, Plaintiffs Motion was due by March 28, 2023, but the Court received it on March 29, 2023. However, in light of Plaintiff's pro se status, the Court sua sponte extends the deadline for Plaintiff to refile the Motion to April 17, 2023. Plaintiff is advised that the Clerk of the Court must receive the refiled motion by this date. SO ORDERED by Senior Judge Lawrence E. Kahn on 4/3/2023. (Copy served via regular mail)(dpk) Modified on 4/3/2023 (dpk). (Entered: |

| | | |
|---|---|---|
| | | 04/03/2023) |
| 04/03/2023 | 81 | CLERK'S CORRECTION OF DOCKET ENTRY re 80 Order on Motion for Reconsideration. The Text Order was amended to correct a typographical error. The date for Plaintiff to refile motion was incorrectly entered as April 15, 2023. The filing deadline for the motion is April 17, 2023. (dpk) (Entered: 04/03/2023) |
| 04/03/2023 | | Set Deadlines/Hearings: Notice of Compliance Deadline 4/17/2023 (dpk) (Entered: 04/03/2023) |
| 04/11/2023 | 82 | NOTICE OF APPEAL as to 74 Order on Motion to Dismiss, by Angelo Ruotolo. (Attachments: # 1 Affidavit of Service, # 2 Envelope)(mgh) (Entered: 04/11/2023) |
| 04/11/2023 | 83 | MOTION to Reinstate the 1 Complaint with Leave to Amend filed by Angelo Ruotolo. (Attachments: # 1 Memorandum of Law, # 2 Affidavit of Service, # 3 Copy of Text Order Dkt # 80 , # 4 Envelope) (mgh) (Entered: 04/11/2023) |
| 04/14/2023 | 84 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 82 Notice of Appeal. (mgh) (Entered: 04/14/2023) |
| 04/17/2023 | 85 | TEXT ORDER: The Court has received Plaintiff's request for this Court (1) to "reinstate" the Complaint against the New Paltz Defendants, who were recently terminated from this action, and (2) to allow Plaintiff to file an amended complaint with new claims and new defendants. Dkt. No. 83 . To the extent that Plaintiff's reinstatement request is a motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 54(b) and Northern District of New York Local Rule 60.1, the New Paltz Defendants may file opposition papers to the reconsideration motion no later than Tuesday, May 2, 2023. See L.R. 7.1(a)(1). Plaintiff may file a reply to the opposition papers no later than Tuesday, May 9, 2023. See id. Plaintiff's reply must not exceed ten (10) pages. See id. As for Plaintiff's second request, which seeks to file an amended complaint, the Court DENIES that request for failure to comply with Local Rule 15.1, which requires "[a] party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 1922 [to] attach an unsigned copy of the proposed amended pleading to its motion papers." L.R. 15.1(a); see also L.R. 7.1(b)(4). Plaintiff is forewarned that his "proposed amended pleading must be a complete pleading, which will supersede the pleading sought to be amended in all respects. A party shall not incorporate any portion of its prior pleading or exhibits thereto into the proposed amended pleading by reference." L.R. 15.1(a). The Clerk of the Court is instructed to mail a courtesy copy of the Local Rules to Plaintiff in conjunction with this Text Order. SO ORDERED by Senior Judge Lawrence E. Kahn on 4/17/2023. (Copy served via regular mail) (dpk) (Entered: 04/17/2023) |
| 05/02/2023 | 86 | MEMORANDUM OF LAW in opposition to 83 Motion to Reinstate complaint filed by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz. (Bartley, Alana) Modified on 5/2/2023 (mgh). (Entered: 05/02/2023) |
| 05/09/2023 | 87 | REPLY to Response to Motion re 83 MOTION to Reinstate 1 Complaint with Leave to Amend filed by Angelo Ruotolo. (Attachments: # 1 Proposed Amended Complaint, # 2 Exhibit(s) A− to Proposed Amended Complaint, # 3 Exhibit(s) B− to Proposed Amended Complaint, # 4 Exhibit(s) C Part 1− to Proposed Amended Complaint, # 5 Exhibit(s) C Part 2− to Proposed Amended Complaint, # 6 Affidavit of Service for Reply, # 7 Affidavit of Service for Proposed Amended Complaint, # 8 Cover Letter, # 9 Envelope)(mgh) (Entered: 05/09/2023) |
| 05/16/2023 | 88 | TEXT ORDER: On March 14, 2023, the Court dismissed all of Plaintiff's claims against James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, and the Town of New Paltz ("New Paltz Defendants"). Dkt. No. 74 ("March 2023 Order"). On April 11, 2023, Plaintiff moved for reconsideration of the March 2023 Order. Dkt. No. 83 . The New Paltz Defendants opposed the motion on May 2, 2023. Dkt. No. 86 . Plaintiff filed a reply on May 9, 2023, wherein he also purported to move for leave to file an amended complaint and for a directed verdict in his favor. Dkt. No. 87 . Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). However, the decisions referenced in Rule 54(b) "may not usually be changed unless there is 'an intervening |

| | | |
|---|---|---|
| | | change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). This standard allows for decisions to be revisited, "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" Id. (citing Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)). It is well settled that a "simple difference of opinion, no matter how deep it runs, will not warrant reconsideration." United States v. Chiochvili, 103 F. Supp. 2d 526, 528 (N.D.N.Y. 2000) (Kahn, J.). Here, Plaintiff seeks to relitigate arguments that he already offered in opposition to the New Paltz Defendants' motion to dismiss. Compare Dkt. Nos. 83, 87, with Dkt. Nos. 57, 66, 70. Accordingly, his reconsideration motion, Dkt. No. 83 , is DENIED. Plaintiff should also note that litigants may not use a reply to file new motions or cross−motions. See L.R. 7.1(c). Accordingly, his motion to amend and his cross−motion for a directed verdict, Dkt. No. 87 , are also DENIED. Plaintiff is forewarned that this Court has the authority to enjoin litigants, including pro se litigants, from engaging in vexatious litigation. See Lipin v. Hunt, 573 F. Supp. 2d 836, 84446 (S.D.N.Y. 2008). The Court will not hesitate to enter such an order should Plaintiff abuse the judicial system in the future. SO ORDERED by Senior Judge Lawrence E. Kahn on 5/16/2023. (Copy served via regular mail)(dpk) (Entered: 05/16/2023) |
| 06/06/2023 | 89 | Letter from Angelo Ruotolo informing the Court that he will be out of the County from June 9th−June 30th and requests that there are no conferences scheduled during that time. (mgh) (Entered: 06/06/2023) |
| 06/08/2023 | 90 | NOTICE OF APPEAL as to 88 Text Order on Motion for Reconsideration, by Angelo Ruotolo. (mgh) (Entered: 06/09/2023) |
| 06/09/2023 | 91 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 90 Notice of Appeal. (mgh) (Entered: 06/09/2023) |
| 06/12/2023 | 92 | USCA Appeal Fees received $ 505 receipt number 100000117 re 90 Notice of Appeal filed by Angelo Ruotolo. (mgh) (Entered: 06/13/2023) |
| 06/13/2023 | 93 | Supplemental Electronic Certification transmitted to US Court of Appeals re 90 Notice of Appeal. (mgh) (Entered: 06/13/2023) |
| 06/16/2023 | 94 | TEXT ORDER: A Telephone Status Conference is set for 7/6/2023 at 11:00 AM in Albany before Magistrate Judge Daniel J. Stewart. The parties are directed to dial +1 518−217−2288, and enter ID code 395 388 664 to connect to the conference. So Ordered by Magistrate Judge Daniel J. Stewart on 6/16/2023. (Copy served via regular mail) (gmd) (Entered: 06/16/2023) |
| 07/06/2023 | | Text Minute Entry for a Status Conference re Rule 16 Initial Conference Deadlines held on 7/6/2023 before Magistrate Judge Daniel J. Stewart. Parties review the issues in the case as they see it. Court directs that the Pro Se Handbook be re−issued to plaintiff. Pro Se plaintiff requests permission to file a Motion to Appointment of Counsel. Court sets scheduling dates. Scheduling Order deadlines set. A Uniform Pretrial Order will be issued. Counsel may contact the court if any issues arise after attempting to resolve them without intervention of court. Court reviews with parties position on the possibilities of mediation. Appearances: Angelo Ruotolo, Pro Se Plaintiff; Eric M. Kurtz, Esq., for defendant(s). [Court Reporter: Ruth Lynch]. Time: 11:01 AM − 11:33 AM. (gmd) [Copy sent via regular mail: Pro Se Handbook sent via regular mail 7/6/2023] (Entered: 07/06/2023) |
| 07/06/2023 | 95 | UNIFORM PRETRIAL SCHEDULING ORDER: Joinder of Parties due by 12/15/2023. Amended Pleadings due by 12/15/2023. Discovery due by 5/3/2024. Plaintiffs Expert Disclosure Deadline is 2/5/2024. Defendants Expert Disclosure Deadline is 3/19/2024. Rebuttal Expert Disclosure Deadline is 4/3/2024. Motions to be filed by 6/7/2024. Anticipated length of trial: 5 Days. Preferred Trial Location: Albany.. Signed by Magistrate Judge Daniel J. Stewart on 7/6/2023. (gmd) [Copy sent via regular mail] (Entered: 07/06/2023) |
| 07/10/2023 | 96 | Letter Motion for Angelo Ruotolo requesting appointment of Counsel. (mgh) (Entered: 07/11/2023) |

| | | |
|---|---|---|
| 07/17/2023 | 97 | ORDER denying 96 Letter Motion for Angelo Ruotolo requesting appointment of Counsel. Signed by Magistrate Judge Daniel J. Stewart on 7/17/2023. (Copy served via regular mail)(egr) (Entered: 07/17/2023) |
| 10/10/2023 | 98 | Letter Motion from Angelo Ruotolo for Angelo Ruotolo requesting extension of time for completing depositions and submitting an amended complaint and for a new Status Conference submitted to U.S. Magistrate Judge Daniel J. Stewart. (hmr) (Entered: 10/12/2023) |
| 10/13/2023 | 99 | TEXT ORDER re 98 Letter Motion from Angelo Ruotolo: Counsel is directed to file a Response to Letter Brief due by 10/24/2023. So Ordered by Magistrate Judge Daniel J. Stewart on 10/13/2023. (gmd)[copy sent via regular mail] (Entered: 10/13/2023) |
| 10/19/2023 | 100 | MANDATE of USCA issued on 10/19/2023 as to 90 Notice of Appeal filed by Angelo Ruotolo, 82 Notice of Appeal filed by Angelo Ruotolo. This Court has determined sua sponte that it lacks jurisdiction over these appeals because the district court has not issued a final order as contemplated by 28 U.S.C. § 1291. See Petrello v. White, 533 F.3d 110, 113 (2d Cir. 2008). Upon due consideration, it is hereby ORDERED that the appeals are DISMISSED. (mgh) (Entered: 10/19/2023) |
| 10/19/2023 | | USCA Case Numbers 23−605 and 23−876 for 82 Notice of Appeal filed by Angelo Ruotolo, 90 Notice of Appeal filed by Angelo Ruotolo. (mgh) (Entered: 10/19/2023) |
| 10/20/2023 | 101 | LETTER BRIEF by John Doe, Juan Figueroa, Ulster County. (Kurtz, Eric) (Entered: 10/20/2023) |
| 10/27/2023 | 102 | TEXT ORDER. Plaintiff has written to the Court regarding outstanding discovery demands that he has served upon counsel for the County of Ulster. Counsel Kurtz has now responded, indicating that the discovery demands are overbroad, call for information which is not proportionally relevant to the needs of the case, and in some circumstances, request information that is privileged. If it has not been done already, Attorney Kurtz is directed to file a formal response to the outstanding discovery requests, including Plaintiffs supplemental demands. That response shall be served on or before November 8, 2023. A conference with counsel to discuss the status of discovery, as well as the Plaintiffs request to extend the discovery deadlines, is set for November 13, 2023 at 11:00 AM. The parties are directed to dial +1 518−217−2288, and enter ID code 734 880 062 to connect to the conference. SO ORDERED by Magistrate Judge Daniel J. Stewart on 10/27/2023. (gmd) [copy served via regular mail] (Entered: 10/27/2023) |
| 10/31/2023 | 103 | Letter from Angelo Ruotolo in Response to the 101 Letter Brief. (mgh) (Entered: 11/01/2023) |
| 11/02/2023 | 104 | RESPONSE to Discovery Request from Angelo Ruotolo by John Doe, Juan Figueroa, Ulster County. (Attachments: # 1 Supplement)(Kurtz, Eric) (Entered: 11/02/2023) |
| 11/02/2023 | 105 | CERTIFICATE OF SERVICE by Jane Doe, John Doe, Juan Figueroa, Ulster County (Kurtz, Eric) (Entered: 11/02/2023) |
| 11/07/2023 | 106 | Letter Motion for Angelo Ruotolo requesting the the Court Strike Defendant's discovery responses or in the alternate order defendant to engage in settlement negotiations submitted to Judge Stewart. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Envelope)(mgh) (Entered: 11/07/2023) |
| 11/13/2023 | | Text Minute Entry for a Telephone Discovery Conference held on 11/13/2023 before Magistrate Judge Daniel J. Stewart. Court reviews the status of the case with the parties. Pro Se plaintiff advises the Court of his planned amendments to the complaint. Plaintiff may file a Motion to Amend his Complaint. Court rules on Discovery issues as specified on the record. Parties are reminded of their scheduling deadlines which remain in place as previously ordered. Text Order to follow. Appearances: Pro Se plaintiff Angelo Ruotolo; Eric M. Kurtz, Esq., for defendants. [Court Reporter: Hannah Cavanaugh]. Time: 11:00 AM − 12:00 PM. (gmd)(copy sent via regular mail) (Entered: 11/14/2023) |
| 11/14/2023 | 107 | ORDER: ORDERED, that Plaintiff's letter Motion to compel further responses by the Ulster County Defendants of outstanding document demands, (Dkt. Nos. 98 & 106 ), is GRANTED IN PART AND DENIED IN PART, and it is further ORDERED, that Plaintiff's letter Motion to extend the time to file an amended pleading, to complete |

| | | |
|---|---|---|
| | | discovery, and to file dispositive motions, (Dkt. No. 98 ), is hereby DENIED. Signed by Magistrate Judge Daniel J. Stewart on 11/14/2023. (Copy served via regular mail)(mgh) (Entered: 11/14/2023) |
| 11/28/2023 | 108 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Angelo Ruotolo re 107 Order, Motion returnable before Judge Senior Judge Lawrence E. Kahn. Response to Motion due by 12/21/2023. Reply to Response to Motion due by 12/28/2023. [Copy of NEF was mailed to Pro Se Plaintiff via regular mail on 11/30/2023, for the Reply deadline.] (hmr) (Entered: 11/30/2023) |
| 12/11/2023 | 109 | AMENDED COMPLAINT with Jury Demand against John Doe, Juan Figueroa, Ulster County filed by Angelo Ruotolo. (Attachments: # 1 Exhibit A, # 2 Exhibit B − Part 1, # 3 Exhibit B − Part 2, # 4 Exhibit C, # 5 Affidavit of Service, # 6 Cover Letter, # 7 Envelope)(hmr) (Entered: 12/13/2023) |
| 12/13/2023 | | TEXT ORDER. Plaintiff has filed an "Amended Complaint." Dkt. No. 109 . The Court construes the filing as a Motion to Amend the Complaint and directs Defendants to file a response to the Motion on or before January 16, 2024. SO ORDERED by Magistrate Judge Daniel J. Stewart on 12/13/2023. (gmd)[copy sent via regular mail] (Entered: 12/13/2023) |
| 12/15/2023 | 110 | AFFIDAVIT in Opposition re 108 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Angelo Ruotolo re 107 Order,, Motion returnable before Judge Senior Judge Lawrence E. Kahn. filed by Juan Figueroa, Ulster County. (Attachments: # 1 Exhibit(s))(Kurtz, Eric) (Entered: 12/15/2023) |
| 12/26/2023 | 111 | REPLY to 110 Response to Motion re 108 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Angelo Ruotolo re 107 Order filed by Angelo Ruotolo. (hmr) (Entered: 12/26/2023) |
| 01/10/2024 | 112 | MEMORANDUM OF LAW filed by Juan Figueroa, Ulster County. (Attachments: # 1 Memorandum of Law Certificate of Service)(Kurtz, Eric) (Entered: 01/10/2024) |
| 01/11/2024 | 113 | MEMORANDUM OF LAW filed by James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, Town of New Paltz. (Attachments: # 1 Affidavit)(Bartley, Alana) (Entered: 01/11/2024) |
| 01/17/2024 | 114 | MOTION to Strike Fraudulent Document filed by Angelo Ruotolo. Response to Motion due by 2/9/2024 Motions referred to Daniel J. Stewart. (hmr) (Entered: 01/19/2024) |
| 01/19/2024 | 115 | AFFIDAVIT in Opposition to 113 MEMORANDUM OF LAW filed by Angelo Ruotolo. (hmr) (Entered: 01/22/2024) |
| 01/22/2024 | 116 | AFFIDAVIT in opposition to 112 Memorandum of Law filed by Angelo Ruotolo. (kck) (Entered: 01/23/2024) |
| 01/31/2024 | 117 | ***STRICKEN pursuant to Dkt. # 120 Strike Order*** DISCLOSURE OF EXPERT WITNESSES by Angelo Ruotolo. (hmr) Modified on 2/8/2024 (gmd, ). (Entered: 02/01/2024) |
| 02/05/2024 | 118 | MEMORANDUM OF LAW re 114 Motion to Strike filed by Juan Figueroa, Ulster County. (Attachments: # 1 Exhibit(s) Certificate of Service)(Kurtz, Eric) (Entered: 02/05/2024) |
| 02/05/2024 | 119 | ***STRICKEN pursuant to Dkt. # 120 Strike Order*** AMENDED DISCLOSURE OF EXPERT WITNESSES by Angelo Ruotolo. (hmr) Modified on 2/8/2024 (gmd). (Entered: 02/06/2024) |
| 02/08/2024 | 120 | TEXT ORDER: Plaintiff's Disclosure of Expert Witnesses and Amended Disclosure of Expert Witnesses filed on 1/31/2024 and 2/5/2024, Dkt. Nos. 117 and 119 , are hereby stricken from the record and will not be considered by the Court. Pursuant to Local Rule 26.2, the Court does not accept the filing of discovery materials, such as Interrogatories, Document Requests or responses to such requests, unless the Court specifically directs such documents be filed or when submitted in support of a motion filed pursuant to the Federal Rules of Civil Procedure. SO ORDERED by Magistrate Judge Daniel J. Stewart on 2/8/2024. (gmd)[copy sent via regular mail] (Entered: 02/08/2024) |

| | | |
|---|---|---|
| 02/13/2024 | 121 | AFFIDAVIT in response to 112 Memorandum of Law by Angelo Ruotolo. (Attachments: # 1 Affidavit of Service)(hmr) (Main Document 121 replaced on 2/14/2024) (hmr, ). (Entered: 02/14/2024) |
| 02/14/2024 | | CLERK'S CORRECTION OF DOCKET ENTRY re 121 Affidavit: Clerk replaced this document with a redacted versions, since the original filing contained a personal identifier. (hmr) (Entered: 02/14/2024) |
| 02/20/2024 | 122 | MEMORANDUM−DECISION AND ORDER denying # 109 Motion to Amend Complaint, and DENYING # 114 Motion to Strike. Signed by Magistrate Judge Daniel J. Stewart on 2/20/2024. (Copy served via regular mail)(mmg). (Entered: 02/20/2024) |
| 03/04/2024 | 123 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Angelo Ruotolo re 122 Order on Motion to Strike Motion returnable before Judge Lawrence E. Kahn. Response to Motion due by 3/27/2024. Reply to Response to Motion due by 4/3/2024 (egr) (Entered: 03/06/2024) |
| 03/12/2024 | 124 | MEMORANDUM−DECISION AND ORDER. It is hereby ORDERED, that Plaintiff's Appeal, Dkt. No. 108 , is DENIED. Signed by Senior Judge Lawrence E. Kahn on 3/12/2024.(Copy served via regular mail) (dpk) (Entered: 03/12/2024) |
| 03/22/2024 | 125 | MEMORANDUM OF LAW filed by Juan Figueroa, Ulster County. (Kurtz, Eric) (Entered: 03/22/2024) |
| 03/29/2024 | 126 | MOTION for Reconsideration re 124 Memorandum−Decision and Order filed by Angelo Ruotolo. (hmr) (Entered: 04/02/2024) |
| 04/03/2024 | 127 | TEXT ORDER: On March 29, 2024, Plaintiff filed a letter motion, arguing that the Court did not properly evaluate Plaintiff's appeal, Dkt. No. 108 ("Appeal"), in the Court's March 12, 2024, Memorandum−Decision and Order, Dkt. No. 122 ("March 2024 Order"). Dkt. No. 126 ("Motion"). The Court construes this filing as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) governs motions to "alter or amend a judgment." Fed. R. Civ. P. 59(e). Courts have recognized three grounds justifying an amendment or alteration pursuant to Rule 59(e): "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Densberger v. United Techs. Corp., 125 F. Supp. 2d 585, 597 (D. Conn. 2000) (internal quotation marks omitted) (quoting Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked−−matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Barbour v. Astrue, 950 F. Supp. 2d 480, 492 (E.D.N.Y. 2013) (citations omitted). A Rule 59(e) motion, however, "may not be used to relitigate old matters, or raise arguments... that could have been raised prior to entry of judgment." Arthur R. Miller, et. al., Fed. Practice & Procedure, § 2810.1, at 12728 (2d ed. 1995); accord Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995). Here, Plaintiff's Motion relitigates the same issues presented in his Appeal, does not identify a clear error affecting the March 2024 Order, and raises no new arguments or developments in case law. The Motion is therefore DISMISSED. Additionally, Plaintiff notes in his Motion that he did not receive a copy of the Court's October 27, 2023, Text Order. Dkt. No. 102 ("October 2023 Text Order"). Mot. at 3. Accordingly, the Clerk is directed resend Plaintiff a copy of the October 2023 Text Order. SO ORDERED by Senior Judge Lawrence E. Kahn on 4/3/2024. (Copy served via regular mail) (dpk) (Entered: 04/03/2024) |
| 04/05/2024 | 128 | REPLY to Response to Motion re 123 Appeal of Magistrate Judge Decision to District Court filed by Angelo Ruotolo. (hmr) (Entered: 04/08/2024) |
| 04/22/2024 | 129 | NOTICE OF INTERLOCUTORY APPEAL as to 127 Text Order of the Honorable Senior U.S. District Court Judge Lawrence E. Kahn dated April 3,2024 by Angelo Ruotolo. [A Filed stamped copy of this Notice of Appeal was mailed via regular mail to Angelo Ruotolo on 4/23/2024.] (hmr) Modified on 6/10/2024 to reflect it is an interlocutory appeal. (lmw, ). (Entered: 04/23/2024) |
| 04/23/2024 | 130 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 129 Notice of Appeal. [A copy of this notice was mailed to pro se plaintiff via regular mail on 4/24/2024.] (hmr) (Entered: 04/23/2024) |

| | | |
|---|---|---|
| 04/25/2024 | 131 | Letter Request/Motion filed by Angelo Ruotolo, Pro Se, requesting Assisted Mediation Program submitted to Judge Daniel J. Stewart. (kck) (Entered: 04/25/2024) |
| 05/16/2024 | 132 | MEMORANDUM−DECISION AND ORDER. It is hereby ORDERED, that Plaintiff's Appeal, Dkt. No. 123 , is DENIED. Signed by Senior Judge Lawrence E. Kahn on 5/16/2024. (Copy served via regular mail) (dpk) (Entered: 05/16/2024) |
| 06/06/2024 | 133 | MOTION for Summary Judgment filed by Jane Doe, John Doe, Juan Figueroa, Ulster County. Motion returnable before Judge Kahn. Response to Motion due by 6/27/2024. Reply to Response to Motion due by 7/5/2024 (Attachments: # 1 Affidavit, # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Affidavit, # 6 Affidavit, # 7 Statement of Material Facts, # 8 Memorandum of Law, # 9 Affidavit) (Kurtz, Eric) (Entered: 06/06/2024) |
| 06/10/2024 | 134 | NOTICE of Due Date to Respond to the 133 MOTION to Pro Se Plaintiff with Notice of Consequences for failure to respond: Response to the # 133 Motion for Summary Judgment is due by 6/27/2024. (Copy served upon Pro Se Plaintiff via regular mail). (kck) (Entered: 06/10/2024) |
| 06/10/2024 | 135 | Supplemental Electronic Certification transmitted to US Court of Appeals re 129 Notice of Interlocutory Appeal. (kck) Modified on 6/10/2024 by Clerk to note that Clerk has served a copy of this document upon Pro Se Plaintiff via regular mail (kck). (Entered: 06/10/2024) |
| 06/13/2024 | 136 | TEXT ORDER advising the parties that the Court retains, and will continue to exercise jurisdiction over this action, despite the fact that Plaintiff filed a Notice of Interlocutory Appeal with the Second Circuit on April 22, 2024, because that appeal is defective in that the Order appealed from is not final and has not been certified as an interlocutory appeal. See Leonhard v. U.S., 633 F.2d 599, 610 (2d Cir. 1980); In re Chateaugay Corp., 922 F.2d 86, 91 (2d Cir. 1990); U.S. v. Rodgers, 101 F.3d 247, 252 (2d Cir. 1996); Burger King Crop. v. Horn & Hardart Co., 893 F.2d 525, 527 (2d Cir. 1990); U.S. vs. Zedner, 555 F.2d 68 (2d Cir. 2008). For these reasons, all deadlines established by the filing of the Motion for Summary Judgment on June 6, 2024, remain in effect. SO ORDERED by Senior Judge Lawrence E. Kahn on 6/13/2024. (Copy served via regular mail) (dpk) (Entered: 06/13/2024) |
| 06/13/2024 | 137 | Supplemental Electronic Certification transmitted to US Court of Appeals re 129 Notice of Interlocutory Appeal. {Copy served upon Pro Se Plaintiff via regular mail} (kck) (Entered: 06/13/2024) |
| 06/27/2024 | 138 | RESPONSE in Opposition re 133 Motion for Summary Judgment, filed by Angelo Ruotolo via mail. (Attachments: # 1 Index of Attached Exhibits, # 2 Exhibit 1 − Motion for Court Assisted Mediation Program, # 3 Exhibit 2 − Order from Judge Stewart dated 2/20/2024, # 4 Exhibit 3 − Private Investigator Affidvits, # 5 Exhibit 4 − Copy of Motion for Bail in County of New Paltz, # 6 Exhibit 5 − Discovery Response, # 7 Exhibit 6 − Transcript Excerpt from County of New Patlz, # 8 Exhibit 7 − Medical Records, # 9 Exhibit 8 − Kurtz Redacted Exhibit A, # 10 Exhibit 9 − Email Exchanges)(sbb) Modified on 7/1/2024 (sbb, ). (Entered: 07/01/2024) |
| 06/27/2024 | 139 | AFFIDAVIT of Service for Response in Opposition to Defendants Motion for Summary Judgment served on Alana Bartley, Esq and Eric Kurtz, Esq on 6/26/2024, filed by Angelo Ruotolo via mail. Envelope attached. (sbb) (Entered: 07/01/2024) |
| 07/03/2024 | 140 | REPLY to Response to Motion re 133 Motion for Summary Judgment, filed by Jane Doe, John Doe, Juan Figueroa, Ulster County. (Attachments: # 1 Affidavit)(Kurtz, Eric) (Entered: 07/03/2024) |
| 07/05/2024 | 141 | Courtesy Copy of Letter from Plaintiff Angelo Ruotolo sent to the Second Circuit Court of Appeals requesting the withdrawal of appeal. (sbb) (Entered: 07/08/2024) |
| 07/17/2024 | 142 | SUR−REPLY to # 133 Motion for Summary Judgment filed by Angelo Ruotolo, Pro Se. (Attachments: # 1 Letter Requesting Permission to File Sur−Reply, # 2 Affidavits of Service, # 3 Mailing Envelope) (kck) Modified on 7/18/2024 by Clerk to correct file date to 7/17/2024 (kck). (Entered: 07/18/2024) |
| 07/18/2024 | | CLERK'S CORRECTION OF DOCKET ENTRY RE: 142 Reply to Response to Motion: Clerk has modified the docket entry to correct the filing date to the correct date of 7/17/2024. (kck) (Entered: 07/18/2024) |

| | | |
|---|---|---|
| 07/18/2024 | 143 | TEXT ORDER: On June 6, 2024, Defendants filed a motion for summary judgment. Dkt. No. 133. Plaintiff filed a response in opposition to Defendants' motion for summary judgment, Dkt. No. 138, and Defendants filed a reply, Dkt. No. 140. On July 17, 2024, Plaintiff filed a motion requesting the Court allow a surreply to Defendants' reply. Dkt. No. 142. Under the Local Rules, once the moving party has filed its reply papers, "a surreply is not permitted." L.R. 7.1(a)(1). Therefore, the Court would normally not allow for Plaintiff's surreply. However, because Plaintiff is pro se, the Court affords him "special solicitude" before assessing Defendants' motion to dismiss. Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994). Therefore, Plaintiff's surreply is permitted in this instance. In the interest of justice, Defendants will also be granted the opportunity to respond to Plaintiff's sur−reply by July 31, 2024. SO ORDERED by Senior Judge Lawrence E. Kahn on 07/18/2024. (Copy served via regular mail)(PJP) (Entered: 07/18/2024) |
| 07/30/2024 | 144 | SUR−REPLY MEMORANDUM OF LAW re 133 Motion for Summary Judgment filed by Juan Figueroa, Ulster County. (Attachments: # 1 Affidavit)(Kurtz, Eric) Modified on 7/30/2024 by Clerk to link docket entry to the correct Motion (kck). (Entered: 07/30/2024) |
| 07/30/2024 | | CLERK'S CORRECTION OF DOCKET ENTRY RE: 144 SUR−REPLY MEMORANDUM OF LAW: Clerk has modified the docket entry to link to the correct Motion. (Copy served upon Pro Se Plaintiff via Regular Mail). (kck) (Entered: 07/30/2024) |
| 07/30/2024 | 145 | AMENDED Sur−Reply Memorandum of Law by Juan Figueroa, Ulster County. Amendment to 144 Sur−Reply Memorandum of Law. (Kurtz, Eric) Modified on 7/31/2024 by Clerk to correct docket entry text to reflect that this is an Amended Version of the Sur−Reply Memorandum of Law filed at DE # 144 (kck). (Entered: 07/30/2024) |
| 07/31/2024 | | CLERK'S CORRECTION OF DOCKET ENTRY RE: 145 AMENDED Sur−Reply Memorandum of Law: Clerk has updated docket entry text to reflect that this is an Amended Version of the Sur−Reply Memorandum of Law filed at DE # 144 . (kck) (Entered: 07/31/2024) |
| 09/10/2024 | 146 | MANDATE of USCA as to # 129 Notice of Appeal: IT IS HEREBY ORDERED that the appeal is dismissed effective July 3, 2024 unless by that date appellant either pays the fee in full, moves for in forma pauperis status in district court, or if district court has denied in forma pauperis status, moves in this Court for in forma pauperis status. If appellant has filed the motion in district court and the motion is pending, appellant must so advise this Court in writing by the same date. MANDATE ISSUED on 9/10/2024. (mmg). (Entered: 09/10/2024) |
| 09/10/2024 | | USCA Case Number 24−1109 for # 129 Notice of Appeal, filed by Angelo Ruotolo. (mmg). (Entered: 09/10/2024) |
| 01/21/2025 | 147 | MOTION to Reinstate New Paltz Defendants filed by Angelo Ruotolo. Response to Motion due by 2/12/2025 (Attachments: # 1 Memorandum of Law, # 2 Affidavit of Service, # 3 Envelope)(jel, ) (Entered: 01/22/2025) |
| 01/23/2025 | 148 | TEXT ORDER: On March 14, 2023, the Court dismissed Plaintiff's claims against James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, and the Town of New Paltz (collectively, "New Paltz Defendants"). Dkt. No. 74 ("March Order"). On January 21, 2025, Plaintiff moved to reinstate the New Paltz Defendants. Dkt. No. 147 ("Motion"). Since the Motion was filed over twenty−two (22) months after the March Order, the Motion is DENIED. SO ORDERED by Senior Judge Lawrence E. Kahn on 1/23/2025. (Copy served via regular mail)(dpk) (Entered: 01/23/2025) |
| 01/23/2025 | 149 | MEMORANDUM−DECISION AND ORDER. It is hereby ORDERED, that Defendants Jane Doe and John Doe are DISMISSED from this action; and it is further ORDERED, that Defendants' Motion for summary judgment, Dkt. No. 133 , is GRANTED; and it is further ORDERED, that Plaintiff's letter requesting participation in the Assisted Mediation Program, Dkt. No. 131 , is DENIED as moot; and it is further ORDERED that the Clerk close this action. Signed by Senior Judge Lawrence E. Kahn on 1/23/2025. (Copy served via regular and certified mail) (dpk) (Entered: 01/23/2025) |

| | | |
|---|---|---|
| 01/23/2025 | 150 | JUDGMENT. IT IS ORDERED AND ADJUDGED that Defendants Jane Doe and John Doe are DISMISSED from this action; and it is further ORDERED, that Defendants' Motion for summary judgment, Dkt. No. 133 , is GRANTED; and it is further ORDERED, that Plaintiff's letter requesting participation in the Assisted Mediation Program, Dkt. No. 131 , is DENIED as moot. All of the above pursuant to the order of the Honorable Lawrence E. Kahn, dated January 23, 2025. (Copy served via regular and certified mail) (dpk) (Entered: 01/23/2025) |
| 01/28/2025 | 151 | RETURN RECEIPT received as to Angelo Ruotolo, served on 1/25/25. (ham) (Entered: 01/29/2025) |
| 02/12/2025 | 152 | NOTICE OF APPEAL as to 149 Memorandum−Decision and Order. (Attachments: # 1 Exhibit 1 − Inmate Property Bag, # 2 Exhibit 2 − Redacted Medical Records, # 3 Exhibit 3 − Transcript, # 4 Exhibit 4 − Plaintiff's affidavit in opposition to summary judgment motion, # 5 Exhibit 5 − GO25, # 6 Affidavit of Service as to Mikael Cohn, # 7 Affidavit of Service as to New Paltz defendants, # 8 Affidavit of Service as to Ulster County defendants, # 9 Envelope)(ham) (Entered: 02/12/2025) |
| 02/12/2025 | 153 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 152 Notice of Appeal. (ham) (Entered: 02/12/2025) |